DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the trial court that imposed a term of incarceration on appellant and ordered him to pay unspecified restitution, costs and fees. For the reasons that follow, the judgment of the trial court is reversed as to that portion of the sentence only. Pursuant to 6th Dist.Loc.App.R. 12(C), this case is hereby assigned to the accelerated calendar.
 {¶ 2} On April 10, 2002, appellant was sentenced to nine years incarceration following his conviction on one count of rape, one count of aggravated burglary and two counts of felonious assault. Further, the trial court ordered appellant to pay "any restitution, all prosecution costs, and any fees permitted pursuant to R.C. 2929.18(A)(4)." Appellant asserts in his sole assignment of error that the trial court erred by ordering him to pay "unspecified fees and expenses" without first holding a hearing to determine whether he had the ability to pay.
 {¶ 3} Pursuant to R.C. 2929.19(B)(6), "[b]efore imposing a financial sanction under section 2929.18 * * * or a fine under section2929.25 * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." It is undisputed that the trial court did not hold a hearing pursuant to R.C. 2929.19 to determine whether appellant had the present or future ability to pay costs and fees. See State v. Hamilton, 6th Dist. No. L-01-1466, 2003-Ohio-574. Accordingly, the trial court erred as a matter of law, and appellant's sole assignment of error is well-taken.
 {¶ 4} The judgment of the Lucas County Court of Common Pleas is hereby affirmed in part and reversed in part, and the case is remanded to the trial court for further proceedings consistent with this opinion. Court costs of these proceedings are assessed to appellee, the state of Ohio.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
Peter M. Handwork, P.J., Richard W. Knepper, J. and Mark L.Pietrykowski, J., JUDGES CONCUR.