JOURNAL ENTRY OPINION
{¶ 1} Defendant-appellant Cedric Gates appeals the resentencing by the trial court. For the following reasons, we affirm.
 {¶ 2} On February 24, 2000, defendant was indicted for one count of robbery, in violation of R.C. 2911.02, with a notice of prior conviction and a repeat violent offender specification ("RVO"); one count of preparation of marijuana for sale, in violation of R.C. 2925.07; and one count of possession of a criminal tool, in violation of R.C. 2923.24.
 {¶ 3} On April 5, 2000, defendant was found guilty of robbery and preparation of drugs for sale, but not guilty of possession of a criminal tool. On May 9, 2000, defendant was sentenced to a maximum term of eight years for the robbery, with an additional consecutive three years for the RVO specification and a concurrent maximum sentence of twelve months on the preparation for sale count.
 {¶ 4} Defendant appealed his conviction and sentence. On May 17, 2001, this Court affirmed the convictions and sentence imposed for the robbery count, but remanded for resentencing on the preparation of drugs count only. See State v. Gates (May 17, 2001), Cuyahoga App. No. 78120 ("Gates I").
 {¶ 5} At the resentencing hearing on December 2, 2002, the trial court followed this Court's order and stated that its jurisdiction was limited to a resentence of the preparation of drugs count and imposed a sentence of six months "to run concurrently with the other eleven-year sentence, eight plus three that the Court already sentenced the defendant to."
 {¶ 6} Defendant appeals the trial court's resentencing and asserts three assignments of error for our review.
 {¶ 7} "I. The trial court erred when it failed to consider the resentencing as a sentencing de novo, and instead treated the resentencing as supplemental to the original sentencing."
 {¶ 8} Initially, we note that defendant filed both a motion to reconsider and an appeal to the Ohio Supreme Court of this Court's prior decision in Gates I, and both were denied.
 {¶ 9} Pursuant to the law of the case doctrine[1] and res judicata, we find that any error in not conducting a de novo sentencing hearing was harmless at best. See State v. Bolton
(2001), 143 Ohio App.3d 185. There was no "error" on the part of the trial court since it was not free to disregard a mandate of this Court. See Nolan v. Nolan (1984), 11 Ohio St.3d 1.
 {¶ 10} Assignment of Error I is overruled.
 {¶ 11} "II. The trial court erred in not vacating the three-year enhancement under the repeat violent offender specification."
 {¶ 12} In this assignment of error, defendant makes two arguments: (1) the trial court erred when it imposed an additional three year sentence under a RVO specification and (2) the RVO specification is unconstitutional under the Supreme Court decision in Apprendi v. New Jersey (2000), 530 U.S. 466. Since these identical arguments were made to and rejected by this Court in State v. Gates (May 17, 2001), Cuyahoga App. No. 78120 andState v. Gates (Aug. 5, 2002), Cuyahoga App. No. 78120, the law of the case dictates that this assignment of error is overruled.
 {¶ 13} "III. The trial court erred in including mention of a post-release control term in its journal entry memorializing the sentence imposed when no mention was ever made at the time of sentencing regarding a post-release control term."
 {¶ 14} Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Wood v. Telb (2000), 89 Ohio St.3d 504, 513. Here, the transcript of the original sentencing hearing demonstrates that defendant was informed of post-release control at the sentencing hearing.[2]
 {¶ 15} Assignment of Error III is overruled.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
 Rocco, J., concurs.
 Corrigan, A.J., concurs. (See attached concurring opinion)
MICHAEL J. CORRIGAN, A.J., Concurring in judgment only.
 {¶ 17} I concur with the majority to the extent that the law of the case doctrine applies; however, I would emphasize that it is strictly limited to the unique circumstances of this case.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] The doctrine of "law of the case" provides "that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3.
[2] Tr. at 426.