DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appellant's application for reopening his direct appeal pursuant to App.R. 26(B).
 {¶ 2} In April 2002, appellant was found guilty of one count of rape, two counts of aggravated burglary and two counts of felonious assault. Appellant was sentenced to serve five years in prison for the rape conviction and four years each for the aggravated burglary and felonious assault convictions. The trial court ordered that the aggravated burglary and felonious assault sentences be served concurrently but consecutive to the rape sentence. Appellant filed a timely appeal and asserted a sole assignment of error in which he claimed that the trial court erred by ordering him to pay "unspecified fees and expenses" without first holding a hearing to determine whether he had the ability to pay. This court reversed the judgment of the trial court as to the order that appellant pay restitution, costs and fees, and remanded to the trial court for further proceedings on that issue only. See State v. Goodell, 2003-Ohio-6374.
 {¶ 3} The Supreme Court of Ohio has held that an individual seeking reconsideration pursuant to App.R. 26(B) must first "put forth a colorable claim of ineffective assistance of appellate counsel * * *." State v. Murnahan (1992), 63 Ohio St.3d 60, 66.
 {¶ 4} In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court set forth a two-part test for reviewing claims of ineffectiveness of counsel:
 {¶ 5} "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.
 {¶ 6} In Ohio, a properly licensed attorney is presumed competent and the burden is on the appellant to show counsel's ineffectiveness. State v. Lytle (1976), 48 Ohio St.2d 391;State v. Hamblin (1988), 37 Ohio St.3d 153. It is well-established that "[c]ounsel need not raise all nonfrivolous issues on appeal." State v. Campbell (1994), 69 Ohio St.3d 38,53. In Engle v. Isaac (1982), 456 U.S. 107, the United States Supreme Court stated that: "We have long recognized * * * that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim. * * *" Id. at 134.
 {¶ 7} Appellant presents three arguments in support of his application. First, appellant asserts that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness. Appellant argues that trial counsel should have objected to his consecutive sentences and should not have withdrawn his motion to suppress the pretrial identification made by two witnesses. As to the sentences imposed, that is an issue for this court to review if an appeal is taken. An appellate court may modify or vacate a sentence not supported by sufficient findings. Trial counsel was not ineffective for failing to object to the sentences imposed. Whether appellate counsel should have raised the issue of the consecutive sentences will be addressed below. As to whether trial counsel was ineffective for withdrawing the motion to suppress the pretrial identification, such a decision falls in the realm of trial strategy. The record shows that trial counsel made the decision to withdraw the motion after reviewing the photo arrays that were used as well as the detective's supplemental report detailing the procedures that were used when he showed the photo arrays to the victims. As to whether appellate counsel should have raised the issue of the motion to suppress on appeal, that matter is addressed below. Appellate counsel was not ineffective for failing to assert ineffective assistance of trial counsel as to these two issues and this argument is without merit.
 {¶ 8} Appellant next asserts that appellate counsel should have argued that the trial court failed to make the necessary statutory findings and state its reasons therefore when it imposed consecutive sentences. Appellant argues that the trial court failed to make the necessary findings as required by R.C.2929.14(C) and (E)(4) and articulate its reasons in support pursuant to R.C. 2929.19(B)(2)(c). Based upon our review of the record and the law, we find that appellant has raised a genuine issue as to whether he was deprived of effective assistance of appellate counsel in this regard.
 {¶ 9} Appellant also asserts that appellate counsel should have argued that the pretrial photographic identification procedure was unnecessarily suggestive and conducive to misidentification. We find, however, that the record in this case does not support appellant's allegations concerning the photo arrays shown to the victims. The record shows that, before trial, appellant's counsel reviewed the photo arrays and the detective's supplemental report and made the tactical decision to withdraw the motion to suppress.
 {¶ 10} At trial, the defense called Detective Jim Trout as its only witness. Detective Trout testified as to how he handled two photo arrays that he presented to victims Tanya Blaze and Flemming Williamson, who were assaulted in their home. Blaze was raped and Williamson was severely beaten. The detective stated that he assembled a photo array on November 2, 2000, with six pictures, none of which was of appellant because he was not yet a suspect. The detective explained that, in order to be sure an array is not suggestive, he tries to assemble photos that are similar in appearance. The detective testified that Williamson reviewed the photos on November 2, 2000, and identified one person as looking familiar. When he showed the array to Blaze she did not pick out any of the subjects as looking familiar. Detective Trout further testified that he later assembled another photo array containing a photograph of appellant which he showed to Williamson and Blaze on February 16, 2001. He stated that Williamson made an immediate and positive identification of appellant. The detective stated that when he showed the array separately to Blaze, she identified appellant as her assailant without any hesitation whatsoever. There is nothing in the record to support a finding that appellate counsel should have raised this issue on appeal. Accordingly, this argument is without merit.
 {¶ 11} Based on the foregoing, this court finds that appellant's application for reopening raises a genuine issue as to whether he was denied effective assistance of appellate counsel. Accordingly, appellant's application for reopening is found well-taken in part and the same is granted, limited to the issue of the trial court's compliance with the statutory requirements for the imposition of consecutive sentences. As for the remainder of appellant's application, appellant has not put forth a colorable claim of ineffective assistance of appellate counsel. It is hereby ordered that appellant file his brief and the trial court record no later than May 28, 2004. All future filings shall follow the appellate rules of procedure. This case shall be decided on the briefs only. It is so ordered.
Appeal Reopened in part.
Handwork, P.J., Knepper, J., Pietrykowski, J., Concur.