DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before this court following our decision and judgment entry granting the application of appellant Charles L. Goodell to reopen his direct appeal pursuant to App.R. 26(B). For the reasons that follow, the order of the trial court imposing consecutive sentences is reversed.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "The trial court erred in sentencing Goodell to consecutive prison terms, thereby denying him due process as provided by the Fifth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution. (Sentencing Transcript, p. 21; April 10, 2002 Sentencing Entry)."
 {¶ 4} The background facts of this case that are relevant to this reopening are as follows. In April 2002, appellant was found guilty of one count of rape, two counts of aggravated burglary and two counts of felonious assault. Appellant was sentenced to serve five years in prison for the rape conviction and four years each for the aggravated burglary and felonious assault convictions. The trial court ordered that the aggravated burglary and felonious assault sentences be served concurrently but consecutive to the rape sentence. Appellant filed a timely appeal asserting a sole assignment of error regarding the trial court's order concerning payment of costs. This court reversed the trial court's judgment as to the order that he pay restitution, costs and fees, and remanded to the trial court. State v. Goodell,
6th Dist. No. L-02-1133, 2002-Ohio-6374. Appellant subsequently filed a timely application for reopening. On May 3, 2004, this court found that appellant's application for reopening raised a genuine issue as to whether he was denied effective assistance of appellate counsel and the application was granted, limited to the issue of the trial court's compliance with the statutory requirements for the imposition of consecutive sentences. Statev. Goodell, 6th Dist. No. L-02-1133, 2004-Ohio-2676.
 {¶ 5} In his sole assignment of error, appellant asserts that the trial court failed to comply with the requirements of R.C.2929.14(E)(4) and 2929.19(B)(2)(c) for the imposition of consecutive sentences and did not make the necessary findings at the sentencing hearing or in its sentencing judgment entry.
 {¶ 6} A trial court may not impose consecutive sentences for multiple offenses unless it finds the existence of three factors set forth in R.C. 2929.14(E)(4) . Pursuant to that statute, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to those two findings, the trial court must also find one of the following: that the offender committed the multiple offenses while awaiting trial or sentencing, while under a sanction imposed or while under post-release control for a prior offense; that the harm caused by the multiple offenses was so great or unusual that no single prison term would adequately reflect the seriousness of the offender's conduct; or that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C.2929.14(E)(4)(a) through (c) .
 {¶ 7} Further, when imposing consecutive sentences, the trial court must comply with R.C. 2929.19(B), which governs the sentencing hearing. R.C. 2929.19(B)(2)(c) provides that the sentencing court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed * * * [i]f it imposes consecutive sentences under [R.C.]2929.14 ."
 {¶ 8} At appellant's sentencing hearing on April 10, 2002, the trial court stated as follows: "* * * the Court is making a finding that the harm was great and unusual and that the criminal history requires consecutive sentences under the circumstances of this case." In its sentencing judgment entry filed April 12, 2002, the trial court found that the consecutive sentences "* * * [are] not disproportionate to the seriousness of the offender's conduct or the danger the offender poses * * *" and that "* * * the harm caused was great or unusual and the defendant's criminal history requires consecutive sentences."
 {¶ 9} Upon review of the record of proceedings in this case we find that the trial court did not make the mandatory findings set forth in the relevant statutes as cited above or give sufficient reasons for imposing the consecutive sentences at the sentencing hearing or in its sentencing judgment entry. Neither the sentencing transcript nor the sentencing judgment entry contain findings pursuant to R.C. 2929.14(E)(4) that the consecutive sentences are necessary to protect the public from future crime. The trial court did note that consecutive sentences in this case are not disproportionate to the seriousness of the offender's conduct. While the trial court stated that the harm caused by appellant was great or unusual, it did not state that no single prison term would adequately reflect the seriousness of appellant's conduct.
 {¶ 10} As to compliance with R.C. 2929.19(B)(2)(c), we find that the trial court failed to make a finding that gives its reasons for imposing consecutive sentences. At the hearing, the trial court stated that appellant was "in denial" and that the court looks at "all the circumstances in every case." The trial court also noted the victim's desire that appellant receive the maximum penalty. However, the trial court did not set forth how or why those factors led to its decision to order consecutive sentences.
 {¶ 11} Based on the foregoing, we find that the trial court failed to comply with the requirements of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) for the imposition of consecutive sentences and, accordingly, appellant's sole assignment of error is well-taken.
 {¶ 12} On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed and remanded to the trial court for resentencing in accordance with this decision and the applicable law. Court costs of this appeal are assessed to appellee pursuant to App.R. 24.
JUDGMENT REVERSED.