JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant the State of Ohio appeals from the sentence imposed by the trial court upon defendant-appellee Lavelle Moore at the resentencing hearing ordered by this court in State v. Moore, Cuyahoga App. No. 80416, 2003-Ohio-1154.
 {¶ 2} The state asserts the trial court exceeded the scope of this court's remand by imposing a completely different sentence since Moore's original sentence on the underlying offenses had been affirmed. This court agrees with the state's assertion. Consequently, Moore's new sentence is vacated, and this case is remanded once again for a resentencing hearing.
 {¶ 3} The facts resulting in Moore's convictions were reviewed and his convictions were affirmed in Moore, supra. Succinctly stated, Moore and two of his friends, Dallas King and Eugene Barrow, along with a woman accomplice, invaded a home on Paxton Avenue on March 23, 2001. The men tied up the victim, a woman nine months pregnant, and stole jewelry and money before they fled.
 {¶ 4} Moore subsequently was indicted with Barrow and was found guilty by the jury of aggravated burglary, aggravated robbery, and kidnapping. The trial court further found Moore guilty of the repeat violent offender specifications attached to those counts. The trial court ultimately sentenced Moore to a total term of twenty years: concurrent terms of ten years for each of his convictions, to be served consecutively with a term of ten years for the specification.
 {¶ 5} On appeal, Moore raised sixteen assignments of error that challenged both his convictions and his sentence; only one
was sustained. This court held in relevant part as follows:
 {¶ 6} "In his seventh assignment of error, Moore contends that the trial court failed to make the requisite findings
pursuant to R.C. 2929.14(D)(2)(a)(b)(i)(ii) (sic) in sentencing Moore to an additional ten years for the repeat violent offender specification.
 {¶ 7} "Although Moore contends that R.C. 2929.14(D)(2)(a) requires a finding that actual harm was inflicted on the victim, we disagree. It merely states that the court may impose the maximum sentence if the violent offender causes harm to the victim. In the instant case, the trial court had alreadyimposed the maximum sentence * * *. * * *
 {¶ 8} "R.C. 2929.14(D)(2)(b), however, states that afterimposing the maximum term for the underlying offense, the trial court may impose additional time on the repeat violent offender * * *
 {¶ 9} "* * * The findings made by the trial court fall short of what is required pursuant to R.C. 2929.14(D)(2)(b) because the trial court failed to find that [1] the sentence for the underlying offenses did not adequately punish him for the offense or that [2] the [imposition of only the underlying] sentence was demeaning to the seriousness of the offense. Accordingly, Moore's seventh assignment of error is sustained and his sentence vacated and the matter remanded for a new sentencing hearing." (Emphasis added.)
 {¶ 10} Upon making the foregoing pronouncement, this court went on to address Moore's additional challenge to the maximum sentence of ten years total on the underlying convictions for aggravated burglary, aggravated robbery, and kidnapping. Moore's challenge was rejected; this court specifically stated that the trial court's imposition of the maximum sentence was "supported" in the record.
 {¶ 11} The opinion, in retrospect perhaps too imprecisely, simply concluded Moore's "sentence [was] vacated and the case remanded for a new sentencing hearing."
 {¶ 12} Moore subsequently sought further review of his convictions and sentences by the Ohio Supreme Court, but his attempt was rebuffed; the supreme court declined to accept his case.
 {¶ 13} The record reflects the trial court eventually issued a journal entry setting Moore's resentencing hearing for September 29, 2003. The hearing took place as scheduled, but for reasons unexplained, the state had no representative present; only Moore and his new defense counsel appeared.
 {¶ 14} After reviewing the mandate from this court and listening to Moore and his counsel, the trial court decided that although incarceration was "warranted" under the circumstances of this case, upon resentencing, it now could not "justify the maximum term" because the terms it this time decided to imposewere sufficient "to protect the public." Thus, "[a]s to Counts 1, 2, and 3, Mr. Moore, this court sentences you to concurrent five year terms * * *."
 {¶ 15} The court went on to elaborate that "the maximum term for this offense (sic) is not warranted in this instance, noris a term of incarceration for the repeat violent offenderspecifications." (Emphasis added.) In explanation, the court advised Moore that "[i]n real simple terms, Mr. Moore, this court just knocked off 15 years from the original sentence that was imposed."
 {¶ 16} Upon receiving notice of Moore's new sentence, the state filed an appeal pursuant to R.C. 2953.08(B)(2).[1]
 {¶ 17} The state argues the trial court's new sentence is contrary to law because it exceeds the scope of the remand inMoore. On the facts of this case, the state's argument is persuasive.
 {¶ 18} An analogous situation recently was presented inState v. Gates, Cuyahoga App. No. 82385, 2004-Ohio-1453. Gates argued the trial court was required to treat the hearing on remand as a "sentencing de novo" and thus to reconsider theentire original sentence it imposed; however, this court noted that on the contrary, under the circumstances, "the law of the case doctrine and res judicata" demonstrated the trial court "was not free to disregard a mandate of this Court." Id., *P.9. This court went on to remind Gates that "identical arguments * * * made to and rejected by" the appellate court thereafter constrain the trial court to follow the law of the case. Id., *P.12.
 {¶ 19} The law of the case doctrine as applied to resentencing hearings earlier was discussed in State v. Gauntt
(Dec. 29, 1994), Cuyahoga App. No. 66791. Quoting Nolan v.Nolan (1984), 11 Ohio St.3d 1, this court reiterated "the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questionsinvolved for all subsequent proceedings in the case * * *." The rule is necessary to "ensure consistency of results in a case * * *." The doctrine therefore "functions to compel trial courts to follow the mandates of reviewing courts." Consequently, "where at a rehearing following a remand a trial court isconfronted with substantially the same facts and issues as wereinvolved in the prior appeal, the court is bound to adhere to theappellate court's determination of the applicable law. * * * [T]he trial court is without authority to extend or vary themandate given." (Emphasis in original.) This court concluded by reminding the appellant that the trial court had authority to sentence him "only in accordance with law."
 {¶ 20} The same result was reached in Gates. Gates already had appealed his sentence; thus, the trial court was authorized only to correct the portion of his sentence that this court determined to be inadequately justified.
 {¶ 21} Appellate courts have recognized that resentencing hearings may be conducted by the trial court for the purpose of stating the required findings, if applicable, on the record.State v. Gopp, 154 Ohio App.3d 385, 2003-Ohio-4908, ¶ 22;State v. Kennedy, Montgomery App. No. 19635, 2003-Ohio-4381, ¶ 8.
 {¶ 22} In Moore, this court gave the trial court the same directive. Moore's underlying sentence of concurrent maximum terms of incarceration was in every respect affirmed. The trial court, however, had "fallen short" of stating the R.C.2929.14(D)(2)(b) findings for the imposition of theadditional ten year term for his conviction of the repeat violent offender specification.
 {¶ 23} The case, therefore, was remanded only for the purpose of making those findings, if the trial court deemed them appropriate. Subsequently, the Ohio Supreme Court declined to review this court's mandate.
 {¶ 24} The trial court, on remand, thus was not free to vary the terms of incarceration on the underlying offenses that ultimately had been ruled proper in the original appeal. It reasonably could have concluded it could not make the required findings for the imposition of an additional term for the repeat violent offender specifications; nevertheless, because Moore's other challenge to his sentence had been rejected on appeal, for Moore's underlying convictions the trial court could only re-impose the sentence that had been deemed "supported" in the record.
 {¶ 25} If this were not so, the disposition of that assignment of error in Moore's original appeal would have been purely "advisory." More importantly, the directive to this court set forth in App.R. 12(A)(1)(c) would have no meaning. Pursuant to the rule, this court is mandated to "decide each assignment of error" that is not made moot by a ruling on another.
 {¶ 26} The fact that the trial court ignored the law of the case as stated by this court in Moore's original appeal, therefore, renders its decision to alter the terms of incarceration on the underlying offenses in order to "knock off 15 years from" Moore's sentence "contrary to law" pursuant to R.C. 2953.08(G)(2). Cf., State v. Ali, Cuyahoga App. No. 82076, 2004-Ohio-1782.
 {¶ 27} For the foregoing reasons, the state's assignment of error is sustained.
 {¶ 28} The trial court's order that purported to impose an entirely new sentence upon Moore is vacated. This case is remanded for further proceedings consistent with this opinion.
 {¶ 29} Appellee's sentence is vacated and this cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that appellant recover of appellee its costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J. concurs.
 Karpinski, P.J. dissents (see separate dissenting opinion).
[1] R.C. 2953.08(B) provides in pertinent part that "a prosecuting attorney * * * may appeal as a matter of right a sentence imposed upon a defendant who is convicted of * * * a felony, or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed * * *" on the ground that "(2) The sentence is "contrary to law." Subsection (B)(3) applies to judicial releases for felonies "of the first or second degree," however, that section is inapplicable to this case. The trial court did not grant appellee judicial release. Rather, its order constituted an entirely new "sentence" on remand pursuant to R.C. 2945.67(A). Cf., State v. Raitz, Lucas App. No. L-03-1118, 2003-Ohio-5687.
 DISSENTING OPINION