{¶ 24} I respectfully dissent from the majority position to vacate the entire sentence based on the first assignment of error. I would remand for resentencing only on the earlier reversal of the firearm specification associated with the aggravated robbery conviction and the reversal of the felonious assault conviction. I write separately to address my concerns about the application of State v. Bolton, cited by the majority opinion. With respect to the second and third assignments of error, I concur in the judgment and analysis of the majority.[1]
 {¶ 25} The majority decision, relying on Bolton andSteimle, mandates that appellate courts do not have the power to vacate "just a portion of a sentence." The decision requires a trial court to conduct a completely independent sentencing hearing, complete with all the applicable procedures, on remand. This, however, is not an exclusive view in this district.
 {¶ 26} Some have viewed R.C. 2953.08 to apply only to the limited circumstances where trial courts are required to state findings or give reasons for a particular sentence. A close reading of the statute, however, reveals it is far broader in its application. R.C. 2953.08 reads in part as follows:
 {¶ 27} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds: * * *
 {¶ 28} "(4) The sentence is contrary to law."
 {¶ 29} The pertinent language of R.C. 2953.08(G)(2)[2]
reads as follows: "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing."
 {¶ 30} This language has largely been read to mean the appellate court may increase, reduce or modify a sentence, or may vacate the sentence and remand the case for resentencing. The portion of the statute often overlooked is the language "* * * a sentence that is appealed under this section * * *." This language indicates the matter under review is not necessarily the full sentence, but rather that which is expressly assigned as error. It is that portion of the sentence that the court may either increase, reduce or modify, or in the alternative, vacate.
 {¶ 31} Often, an appeal focuses on one or two aspects of a sentence rendered by a trial court. While we often look at a sentence in a singular context, the plain language of the phrase "* * * a sentence that is appealed under this section * * *" certainly suggests that what is under review is the claimed error, not necessarily the entire sentence. Judge Kenneth A. Rocco of our court pointed out the merit of this position in his concurring and dissenting opinion in State v. Fair, Cuyahoga App. No. 82278, 2004-Ohio-2971, when he stated the following:
 {¶ 32} "We do a grave disservice to finality principles when we reverse and remand for resentencing cases in which the sentence is not necessarily incorrect, but only incomplete. In my view, given the statute's mandate, we should demand a record containing the findings necessary to support the sentence imposed, then review the correctness of that sentence, rather than reopen the entire sentencing proceeding and ask the common pleas court to reconsider a decision which we did not find to be wrong. Vacating a sentence and remanding the matter for resentencing allows for multiple appeals of the same sentence on different grounds, either because new issues arise as a result of the remand, or because, as here, the defendant chooses to argue issues after the remand which could have been raised before. See, e.g., State v. Morton, Cuyahoga App. No. 82095, 2003-Ohio-4063;State v. Rotarius, Cuyahoga App. No. 81555, 2003-Ohio-1526. Neither of these situations would arise if the matter was simply remanded for supplementation; a single appeal would conclude all issues surrounding the sentencing issues to which R.C.2953.08(G)(1) applies."
 {¶ 33} Issues involving resentencing also impact the law of the case doctrine. Again, Judge Kenneth A. Rocco outlined the impact of the doctrine on vacated sentences and resentencing hearings in State v. Moore, Cuyahoga App. No. 83703,2004-Ohio-6303, when he stated the following: "The law of the case doctrine as applied to resentencing hearings earlier was discussed in State v. Gauntt (Dec. 29, 1994), Cuyahoga App. No. 66791, 1994 Ohio App. LEXIS 5951. Quoting Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 11 Ohio B. 1, 462 N.E.2d 410, this court reiterated `the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case * * *.' The rule is necessary to `ensure consistency of results in a case * * *.' The doctrine therefore `functions to compel trial courts to follow the mandates of reviewing courts.' Consequently, `where at a rehearing following a remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * The trial court is without authority to extend or vary the mandate given.' [Emphasis omitted.] This court concluded by reminding the appellant that the trial court had authority to sentence him `only in accordance with law.'"
 {¶ 34} It is my view that vacating an entire sentence on review, when only a portion of the total sentence contains error, is inconsistent with the scope of appellate review. While I recognize there may be instances where the underlying error so undermines the legitimacy of the original sentence that it must be fully vacated, I do not believe this premise is automatic. Appellate courts are in the best position to determine the rare circumstances when, or if, a sentence must be fully vacated.
 {¶ 35} In light of the statutory language, I respectfully disagree with the view in Bolton that the entire sentence must be vacated and remanded. I believe the decision to increase, reduce, modify, or vacate should be limited, in the absence of a clearly defined reason, to that which the court finds erroneous.
[1] With respect to the third assignment of error, see my concurring and dissenting opinion in State v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, and Judge James J. Sweeney's dissenting opinion in State v. Atkins-Boozer,
Cuyahoga App. No. 84151, 2005-Ohio-2666, in which I concurred.
[2] This language is often attributed to R.C. 2953.08(G)(1), but the passage in question is found in subsection 2.