{¶ 81} I concur with the majority opinion as to assignments of error one, two, five and six. I respectfully disagree with the majority's decision on the third assignment of error vacating the entire sentence and remanding the case for a full resentencing. I agree with the majority that the trial court failed to make the required findings to support the imposition of the repeat violent offender sentence, but would only remand the case to address that specific error and affirm the balance of the trial court's sentence. Further, I concur in judgment only with the majority's finding on the fourth assignment of error that the evidence did not support the firearm specification; however, I write separately to address my concerns about the applicable standard.
 {¶ 82} I recently addressed the question of vacating and remanding cases for resentencing where only a portion of the sentence is found to be erroneous. See State v. Webb, Cuyahoga App. No 85318, 2005-Ohio-___ (J. Gallagher, dissent). There is a split in this district on this subject.
 {¶ 83} "Some have viewed R.C. 2953.08 to apply only to the limited circumstances where trial courts are required to state findings or give reasons for a particular sentence. A close reading of the statute, however, reveals it is far broader in its application. R.C. 2953.08 reads in part as follows:
 {¶ 84} "`(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds: * * *
 {¶ 85} "`(4) The sentence is contrary to law.'"
 {¶ 86} "The pertinent language of R.C. 2953.08(G)(2)[1]
reads as follows: `The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.'
 {¶ 87} "This language has largely been read to mean the appellate court may increase, reduce or modify a sentence, or may vacate the sentence and remand the case for resentencing. The portion of the statute often overlooked is the language `* * * a sentence that is appealed under this section * * *.' This language indicates the matter under review is not necessarily the full sentence, but rather that which is expressly assigned as error. It is that portion of the sentence that the court may either increase, reduce or modify, or in the alternative, vacate.
 {¶ 88} "Often, an appeal focuses on one or two aspects of a sentence rendered by a trial court. While we often look at a sentence in a singular context, the plain language of the phrase `* * * a sentence that is appealed under this section * * *' certainly suggests that what is under review is the claimed error, not necessarily the entire sentence." Webb, supra.
 {¶ 89} Arguably, an even closer reading suggests it is not what is claimed as error that is subjected to resentencing, but rather what is found as error. See, also, State v. Moore,
Cuyahoga App. No. 83703, 2004-Ohio-6303; and State v. Fair,
Cuyahoga App. No. 82278, 2004-Ohio-2971 (J. Rocco concurring and dissenting opinion).
 {¶ 90} I would not preclude appellate courts from vacating entire sentences when they determine the error found so poisoned the underlying sentence that fairness requires a full resentencing. I would simply not make it automatic. As stated in my Webb dissent:
 {¶ 91} "It is my view that vacating an entire sentence on review, when only a portion of the total sentence contains error, is inconsistent with the scope of appellate review. While I recognize there may be instances where the underlying error so undermines the legitimacy of the original sentence that it must be fully vacated, I do not believe this premise is automatic. Appellate courts are in the best position to determine the rare circumstances when, or if, a sentence must be fully vacated."Webb, supra.
 {¶ 92} For the above reasons I would only vacate and remand on the portion of the sentence related to the repeat violent offender specification and affirm the balance of the sentence.
 {¶ 93} With respect to the firearm specification, although I agree with the majority that the evidence is insufficient to sustain a conviction, I believe the standard suggested by the majority is too rigid. The majority states in part:
 {¶ 94} "The record is devoid, however, of any testimony or evidence that Evans threatened the victim with a gun, that the victim felt an object or saw a shape that could be construed as a gun, that Evans had a gun in his possession, or that a gun was used in the commission of the crime."
 {¶ 95} I believe the victim's subjective belief of the presence of a weapon is sufficient, but only where there is some other evidence in the record that supports the belief. I would not narrowly construe that "other evidence" as requiring a "threat," nor would I require the victim to "feel" or "see" an object. Rather, any descriptive statement supporting the subjective belief, if believed by the trier of fact, should be sufficient. Further, the totality of the circumstances should be considered. Here, the record lacks any descriptive testimony regarding a possible weapon other than the victim's subjective belief or fear. For these reasons, I concur in judgment only with the majority on the fourth assignment of error.
[1] This language is often attributed to R.C. 2953.08(G)(1), but the passage in question is found in subsection 2.