DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Charles L. Goodell, appeals the July 15, 2005 judgment of the Lucas County Court of Common Pleas, which sentenced him to a total term of 16 years incarceration. This is the second time appellant has appealed his sentence. Because the instant appeal was pending when the Ohio Supreme Court decidedState v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, the imposition of consecutive sentences is void and the matter must be remanded to the trial court for a third resentencing, in accordance with the portions of Ohio's sentencing scheme which were not severed by Foster.
 {¶ 2} In 2001, appellant was convicted by a jury of one count of rape, two counts of aggravated burglary, and two counts of felonious assault. He was initially sentenced to a term of five years for the rape conviction, and terms of four years for each count of aggravated burglary and felonious assault. The court ordered the four year terms imposed for each count of aggravated burglary and felonious assault to run concurrently to each other, but consecutive to the five year term for rape, for a total term of nine years incarceration.
 {¶ 3} In appellant's first appeal, we reversed his judgment of conviction with respect to the trial court's order that appellant pay costs and fees. State v. Goodell, 6th Dist. No. L-02-1133, 2003-Ohio-6374. Appellant then filed a timely application to reopen his appeal based on appellate counsel's failure to assert error with respect to the imposition of consecutive sentences. We granted the application in State v.Goodell, 6th Dist. No. L-02-1133, 2004-Ohio-2676, limited to the issue of whether the statutory requirements for imposing consecutive sentences were met.
 {¶ 4} Examining his sentence, appellant only raised error in the trial court's failure to make findings and give reasons in support of the consecutive sentences as required by R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c). State v. Goodell, 6th Dist. No. L-02-1133, 2004-Ohio-5755. We found the error well-taken, and reversed and remanded "for resentencing in accordance with [the] decision and the applicable law." Id. at ¶ 12.
 {¶ 5} On remand, a trial court judge different from the original sentencing judge handled appellant's resentencing hearing. The trial court did not, pursuant to our decision, address only the error in the consecutive aspect of the prior judgment of conviction. Instead, at the hearing and before sentencing, the court stated:
 {¶ 6} "[The sentence is], without the magic words said, no longer appropriate. You can't sprinkle the magic words on there. You have to give the basis and rationale for saying the magic records. That's what's missing from the record. * * * That's why we're back here.
 {¶ 7} "* * *.
 {¶ 8} "Why did [the prior judge] sentence you — I don't understand why she sentenced you to the sentence she previously gave you. I don't accept there was not a presentence investigation report and there was no reference to your prior contacts with the system. There was no reference to a whole lot of things in the record which is why it was sent back here. * * *."
 {¶ 9} "Mr. Goodell, I don't know you from anyone else, and I have no way of being vindictive on this. I'm charged with the responsibility of sentencing a person in a criminal trial, who has a transcript in front of me, of the facts and allegations as laid out in that trial. * * * I feel that I can properly sentence this case as I see fit * * *.
 {¶ 10} The trial court then increased appellant's sentence for the rape conviction to seven years incarceration, and increased the sentences for aggravated burglary to five years incarceration for each count; the term of incarceration for two counts of felonious assault remained the same. The court then found that consecutive sentences were necessary to "protect the public from future crimes," and that "no single sentence would adequately protect the public." The terms for aggravated burglary were ordered to run concurrent to each other, as were the terms for assault. However, the five year terms and the four year terms were ordered served consecutively to each other. The seven year term imposed for rape was ordered to run consecutive to all other terms.
 {¶ 11} The court then stated, "However you want to slice it and dice it, the total sentence is now 16 years, sir." It then reiterated the statutory findings in support of the sentence before concluding the hearing.
 {¶ 12} In this second appeal, appellant now asserts three assignments of error regarding his sentence:
 {¶ 13} "ASSIGNMENT OF ERROR I. Charles L. Goodell was deprived of his right to due process under theFourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution when the trial court imposed a harsher sentence upon remand."
 {¶ 14} Appellant has identified two issues supporting this assignment of error:
 {¶ 15} "1. Does the presumption of vindictiveness apply to a case that was remanded because the trial court failed to make the findings that are mandated by R.C. 2929.14 and 2929.19?
 {¶ 16} "2. Was Mr. Goodell's harsher sentence the product of judicial vindictiveness?"
 {¶ 17} "ASSIGNMENT OF ERROR II: "During Mr. Goodell's resentencing hearing, the trial court erred by reconsidering the sentences for the underlying offenses, thereby denying Mr. Goodell due process as provided by the Fifth andFourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution.
 {¶ 18} "ASSIGNMENT OF ERROR III: The trial court denied Mr. Goodell due process of law and the right to a jury trial, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, by sentencing Mr. Goodell to prison based on facts not found by the jury or admitted by Mr. Goodell."
 {¶ 19} By way of a supplemental filing, appellant concedes that State v. Foster renders his second assignment of error moot, but asserts that it directly impacts his third assignment of error. In State v. Foster, supra, the Ohio Supreme Court found that several of Ohio's sentencing statutes which required findings of fact without a jury violated a criminal defendant'sSixth Amendment right to a jury pursuant to Blakely v.Washington (2004), 542 U.S. 296. Those sentencing statues, including R.C. 2929.14(E)(4), under which appellant was sentenced, were severed from Ohio's sentencing laws.
 {¶ 20} Foster applies to all cases pending on direct appeal, 2006-Ohio-856 at ¶ 104, and all sentences imposed pursuant to R.C. 2929.14(E) must be void as illegally imposed. Id. at ¶ 103. Therefore, pursuant to App.R. 12, we find appellant's claimed error regarding the consecutive aspect of his sentence well-taken and reverse and remand for resentencing accordingly.
 {¶ 21} In light of our disposition of the third assignment of error, and since appellant's sentence is illegal and void pursuant to State v. Foster, the first assignment of error is moot. We must find merit, however, in appellant's second assignment of error, which, on distinct grounds, must be addressed separately. Briefly, appellant argues that the trial court was prohibited by the "law of the case" doctrine from conducting a de novo sentencing hearing and imposing greater terms for the counts of rape and aggravated burglary.
 {¶ 22} The recent decision of State v. Saxon (2006),109 Ohio St.3d 176, 2006-Ohio-1245, which rejected the "sentencing package doctrine" in sentencing, supports appellant's argument. In Saxon, the Ohio Supreme Court held that trial courts are prohibited from conducting de novo sentencing hearings when an appellate court vacates only a portion of a sentence and remands for resentencing. Id. at ¶ 10-11. See, also, State v.Carpenter, 6th Dist. No. E-04-043, 2006-Ohio-3048, in which we rejected appellant's argument that the trial court should have, on remand for resentencing, conducted a de novo sentencing hearing and revisited his entire sentence; following Saxon, we found that this court was constrained only to address his claimed error with respect to the imposition of maximum terms and his sexual predator classification. Id. at ¶ 10.
 {¶ 23} Thus, in this instance, the trial court exceeded its authority when it imposed greater terms for the rape and aggravated burglary convictions. When his appeal was reopened, appellant only raised error with respect to the consecutive aspect of his total term of incarceration, and did not raise error with respect to the separate terms of incarceration for each offense. Thus, any error or argument with respect to the terms imposed for each conviction was waived by him, was barred from our consideration, id. at ¶ 30, R.C. 2953.08(G), and barred from reconsideration by the sentencing judge by res judicata. Id. at ¶ 17-18. The separate prison terms initially imposed for each offense were properly not considered by us in appellant's first appeal, and those terms remained valid on remand as only the consecutive aspect of appellant's judgment of conviction was contrary to law.
 {¶ 24} Appellant has argued, without the benefit of Saxon,
that the "law of the case" doctrine applies to constrain the trial court from conducting the resentencing hearing on remand de novo. Thus, appellant argues, the resentencing judge acted outside his authority when imposing greater terms of incarceration for the convictions of rape and aggravated burglary. See State v. Gates, 8th Dist. No. 82385,2004-Ohio-1453, ¶ 9; State v. Moore, 8th Dist. No. 83703,2004-Ohio-6303, ¶ 20-24 ("[T]he trial court was authorized only to correct the portion of his sentence that this court determined to be inadequately justified. * * * The trial court, on remand, thus was not free to vary the terms of incarceration on the underlying offenses that ultimately had been ruledproper in the original appeal." (Emphasis sic.)). Appellant is ultimately correct; however, Saxon espouses the identical principle based both on res judicata and the plain language of Ohio's sentencing statutes. Saxon, supra at ¶ 12-13. Saxon
was decided while this matter was pending on appeal and must be applied. Foster, 2006-Ohio-856, ¶ 106, citing U.S. v. Booker
(2005), 543 U.S. 220, 268.
 {¶ 25} Appellant's second assignment of error is well-taken. Appellant is again afforded a new sentencing hearing pursuant to the non-severed portion of R.C. 2929.19(B). Foster,2006-Ohio-856 at ¶ 105. Pursuant to State v. Saxon, supra, and R.C. 2953.08(G), the trial court is instructed to reenter in appellant's judgment of conviction the original terms of incarceration for each offense: for the rape conviction, a term of five years; for each conviction of aggravated burglary, terms of four years; for each conviction of felonious assault, terms of four years. The original sentences imposed for each conviction remained effective pursuant to our decision in appellant's second appeal, State v. Goodell, 6th Dist. No. L-02-1133,2004-Ohio-5755, State v. Saxon, supra, and res judicata. WhileFoster noted that "nothing prevents the state from seeking greater penalties," id. at ¶ 105, citing United States v.DiFrancesco (1980), 449 U.S. 117, 1341-36, the trial court is still constrained to resentencing only that part of appellant's judgment of conviction impacted by Foster, that is, the consecutive aspect of appellant's sentences.
 {¶ 26} The judgment of the Lucas County Court of Common Pleas is vacated and remanded for resentencing in accordance withState v. Foster, supra, and the non-severed portions of Ohio's sentencing statutes. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Skow, J. concur.