DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that resentenced appellant following remand by this court. For the following reasons, the judgment of the trial court is affirmed.
 {¶ 2} Appellant sets forth four assignments of error: *Page 2 
 {¶ 3} "Assignment of Error I
 {¶ 4} "Charles L. Goodell was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution when the resentencing court imposed a harsher sentence upon remand. (December 19, 2006 Resentencing Hearing Transcript, pp. 1-24; December 21, 2006 Judgment Entry).
 {¶ 5} "Assignment of Error II
 {¶ 6} "The resentencing court acted outside of its authority when it modified other aspects of Mr. Goodell's sentences that were not subject to the assignment of error set forth in his Application to Reopen, thereby denying Mr. Goodell due process as provided by the Fifth andFourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution. (December 19, 2006 Resentencing Hearing Transcript, pp. 17-18; December 21, 2006 Judgment Entry).
 {¶ 7} "Assignment of Error III
 {¶ 8} "The trial court erred by imposing consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Blakely v. Washington (2004), 542 U.S. 296;United States v. Booker (2005), 543 U.S. 220. (December 19, 2006 Resentencing Hearing Transcript, pp. 17-18; December 21, 2006 Judgment Entry). *Page 3 
 {¶ 9} "Assignment of Error IV
 {¶ 10} "The trial court did not have the authority to impose consecutive sentences. (December 19, 2006 Resentencing Hearing Transcript, pp. 17-18; December 21, 2006 Judgment Entry)."
 {¶ 11} Appellant's case has a lengthy history of appearances before this court since his original conviction in 2002. A summary of this history, to the extent relevant to the instant appeal, follows.
 {¶ 12} In April 2002, appellant was found guilty of one count of rape, two counts of aggravated burglary and two counts of felonious assault. Appellant was sentenced to serve five years in prison for the rape conviction and four years each for the aggravated burglary and felonious assault convictions. The trial court ordered the aggravated burglary and felonious assault sentences to be served concurrently but consecutive to the rape sentence, for a total sentence of nine years. Appellant filed a timely appeal in which he claimed that the trial court erred by ordering him to pay "unspecified fees and expenses" without first holding a hearing to determine whether he had the ability to pay. In November 2003, this court reversed the judgment of the trial court as to the order that appellant pay restitution, costs and fees and remanded for further proceedings on that issue only. State v. Goodell, 6th Dist. No. L-02-1133, 2003-Ohio-6374.
 {¶ 13} In 2004, appellant filed an application for reopening of his direct appeal pursuant to App.R. 26(B). The application to reopen was granted, limited to the issue of whether the trial court had complied with the statutory requirements for the imposition of *Page 4 
consecutive sentences. State v. Goodell, 6th Dist. No. L-02-1133,2004-Ohio-2676. By judgment entry filed October 29, 2004, this court found that the trial court did not make the mandatory findings required by R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) for the imposition of consecutive sentences. The case was remanded to the trial court for resentencing in accordance with our decision and the applicable law.State v. Goodell, 6th Dist. No. L-02-1133, 2004-Ohio-5755.
 {¶ 14} On remand, the matter was heard by a different judge. Contrary to this court's October 29, 2004 order, the trial court did not limit its review on remand to the issue of consecutive sentences and the failure to comply with the relevant statutes. Instead, by judgment entry filed July 15, 2005, the trial court increased appellant's sentence for the rape conviction from five years to seven and increased the two sentences for aggravated burglary from four years to five years each; the sentences for the two counts of felonious assault remained the same at four years each. The trial court then ordered the two four-year sentences to be served concurrently to each other, and the two five-year sentences to be served concurrently. The five-year and four-year terms were ordered served consecutively to each other and consecutively to the seven-year term imposed for rape. This resulted in a total sentence of 16 years, seven more than the original sentence.
 {¶ 15} Appellant appealed this sentence, arguing that the trial court was barred from conducting the resentencing hearing de novo and acted outside its authority when it imposed greater terms of incarceration for the convictions for rape and aggravated *Page 5 
burglary. In our June 30, 2006 decision on that appeal, we found appellant's arguments well-taken and again remanded for resentencing. We found that the original sentences imposed for each conviction remained effective pursuant to our 2004 decision following appellant's application for reopening; the trial court was therefore instructed to resentence appellant to the original terms of incarceration for each offense. We further instructed the trial court to resentence appellant in accordance with the mandate of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, regarding the imposition of consecutive sentences.State v. Goodell, 6th Dist. No. L-05-1262, 2006-Ohio-3386.
 {¶ 16} Accordingly, a third sentencing hearing was held on December 19, 2006. The 16-year sentence was reduced to 13 years, which was four years more than the original sentence. This was accomplished by reducing the sentences imposed in 2005 to the original terms for each offense. The trial court then ordered Counts 2 and 4 to be served concurrently to each other for a total of four years, and Counts 3 and 5 to be served concurrently to each other for another four years; Counts 3 and 5 were ordered to be served consecutively to Counts 2 and 4. Count 1, the five-year rape sentence, was ordered to be served consecutively to the other sentences. This case is now before us on appellant's appeal from that judgment.
 {¶ 17} In his first assignment of error, appellant presents two arguments in support of his claim that the sentence imposed in 2006, was the result of judicial vindictiveness. First, appellant argues that there is a presumption of vindictiveness in a case such as this one where a harsher sentence is imposed upon resentencing. Second, appellant argues *Page 6 
that if the presumption of vindictiveness cannot be applied, the increased sentence he was given on remand is the product ofactual judicial vindictiveness.
 {¶ 18} Appellant cites North Carolina v. Pearce (1969), 395 U.S. 711, in support of his argument that any increase in a sentence over that imposed originally is presumptively vindictive and requires an explanation by the resentencing judge as to specific conduct or events that have taken place since the original sentence was imposed.Pearce, 725-726. Pearce permits a court to impose a higher sentence on remand, but simultaneously requires that court to give reasons based upon objective information concerning identifiable conduct on the part of the defendant, 395 U.S. at 726. Various courts in Ohio, however, have held that the presumption does not apply where, as here, the resentencing judge is not the one who originally sentenced the defendant. State v. Chandler, 8th Dist. No. 83963, 2004-Ohio-4242, at ¶ 11, citing State v. Douse, 8th Dist. No. 82008, 2003-Ohio-5238;Lodi v. McMasters (1986), 31 Ohio App.3d 275, citing Texas v.McCullough (1986), 475 U.S. 134. The judge who resentenced appellant both times was not the original sentencing judge and there is no presumption of vindictiveness here. The trial court was not required to state its reasons for imposing a harsher sentence on remand. State v.Gonzales, 151 Ohio App.3d 160, 2002-Ohio-4937, at ¶ 65.
 {¶ 19} Appellant also argues that his increased sentence was the result of actual vindictiveness. He asserts that "vindictive sentencing tactics and animosity" toward him have been apparent at each hearing. The United States Supreme Court further clarified the Pearce doctrine inAlabama v. Smith (1989), 490 U.S. 794, 799, explaining that, *Page 7 
unless there was a "reasonable likelihood" that the increased sentence was the product of actual vindictiveness, the burden is on the defendant to show such animosity. Id. at 799.
 {¶ 20} Appellant argues that the trial court made statements at the December 2006 resentencing that evidenced a vindictive motivation for increasing his sentence. Appellant claims that the judge was attempting to discourage any future appeals. He asserts that the judge directly attacked him for his previous appeals when, after sentence was imposed, he stated, "Okay. We'll see you back here probably in a couple of years." We find, however, that the judge's comment simply does not rise to the level of vindictiveness.
 {¶ 21} After a thorough review of the hearing, we are unable to find evidence of a vindictive motive on the part of the sentencing judge. At that time, appellant's case was again before the trial court upon this court's remand. In our June 30, 2006, decision, we instructed the trial court to reenter the original terms of incarceration for each offense and to resentence in accordance with Foster's holding as to imposition of consecutive sentences. Appellant claims that the trial court used his case as a means of intimidating other defendants by demonstrating that harsher sentences will be given to those who successfully argue on appeal that the trial court ran afoul of Foster when imposing sentence. There is no evidence that the trial court had such a motive. Appellant also appears to argue that the 13-year sentence is evidence of vindictiveness on its face. The trial court, however, was simply complying with this court's instructions on remand. In compliance with this court's decision, the trial court re-imposed the original sentences for *Page 8 
each individual offense. The court then reconsidered the consecutive nature of the sentences as imposed in 2005, pursuant to Foster and shortened the aggregate sentence by three years.
 {¶ 22} Based on the foregoing, we find that appellant has not demonstrated vindictiveness on the part of the resentencing judge and, accordingly, his first assignment of error is not well-taken.
 {¶ 23} In his second assignment of error, appellant asserts that the trial court acted outside the scope of its authority when it modified aspects of his sentence that were not raised in his application to reopen. Appellant argues that the only determination the trial court was permitted to make was whether the five-year rape sentence could be imposed consecutively to the four-year sentences originally ordered to be served concurrently to one another. This argument is based on appellant's claim that the only issue he raised in his application to reopen was whether the trial court erred by imposing the consecutive four-and five-year sentences. However, appellant's application to reopen simply asserted that the trial court failed to state reasons for imposing consecutive sentences as required at that time by R.C.2929.14(E)(4) and 2929.19(B)(2)(c). When the trial court resentenced appellant the first time, it increased the length of some of the individual sentences. When it was again appealed to this court, we found that the trial court erred by increasing three of the sentences. At appellant's second resentencing in December 2006, the trial court, following this court's instruction, reentered the original shorter sentences for rape and aggravated burglary. The trial court complied with Foster, which had been *Page 9 
decided after the first resentencing, and imposed sentence without reference to any of the severed statutes. The trial court did not make any changes in the consecutive nature of the rape, aggravated burglary and felonious assault sentences. Pursuant to Foster, after imposing separate prison terms for each offense, the judge in his discretion may consider whether the offender should serve those terms concurrently or consecutively. Foster, at ¶ 7 of the syllabus. Based on the foregoing, we find that the trial court did not err by imposing consecutive sentences and, accordingly, appellant's second assignment of error is not well-taken.
 {¶ 24} In his third assignment of error, appellant asserts that the trial court violated the Ex Post Facto Clause of the United States Constitution by retroactively applying Foster to crimes that occurred before that decision was issued. The constitutional prohibition against ex post facto laws, however, applies only to legislative enactments.Rogers v. Tennessee (2001), 532 U.S. 451, 456. In State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, this court held that the Ex Post Facto Clause does not apply to resentencing hearings conducted pursuant to Foster. Appellant's third assignment of error is not well-taken.
 {¶ 25} In his fourth assignment of error, appellant asserts that the trial court was without authority to impose a consecutive sentence. Appellant states that when the Ohio Supreme Court severed the provisions of R.C. 2929.14 and 2929.41 it found to be unconstitutional, it also severed the statutory authority of a trial court to impose *Page 10 
consecutive prison terms. Appellant provides no authority for this claim and, accordingly, his fourth assignment of error is not well-taken.
 {¶ 26} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1