DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before this court following our decision granting appellant's application to reopen the appeal from his convictions on six counts of rape, including one count of rape of a child under the age of thirteen by force or threat of force, one count of gross sexual imposition, and five counts of sexual battery. See State v. Carpenter, 2002-Ohio-2266. For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part.
 {¶ 2} The undisputed facts that are relevant to the issues now before us are as follows. On December 10, 1999, a 15 count indictment was issued against appellant stemming from charges that he had, among other things, engaged in sexual conduct with his 18-year-old daughter ("victim") since she was 9 years old, had subjected her to sexual "bondage and discipline," and had accepted drugs as payment for allowing other individuals to engage in sexual conduct with his daughter. Appellant was indicted on one count of gross sexual imposition in violation of R.C. 2907.05 (A)(4); one count of rape of a child under the age of thirteen by force or threat of force in violation of R.C.2907.02(A)(1)(b); five counts of rape in violation of R.C.2907.02(A)(2); five counts of sexual battery in violation of R.C.2907.03(A)(5); two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), and one count of compelling prostitution in violation of R.C. 2907.21(A)(5).
 {¶ 3} Appellant filed a motion to suppress the evidence seized in a search of his home, challenging the sufficiency of the affidavit establishing the grounds for the issuance of the search warrant. The trial court denied the motion. The charges of pandering obscenity and compelling prostitution were later dismissed by the prosecution.
 {¶ 4} The case was tried to a jury and appellant was found guilty of the remaining 12 counts of the indictment. At the sentencing hearing, held on April 28, 2000, the trial court determined that appellant was a sexual predator. Appellant was sentenced to a term of 18 months imprisonment on Count 1, gross sexual imposition; a term of life imprisonment on Count 2, rape of a child under the age of 13 by force or threat of force; terms of 10 years each on Counts 3 through 7, rape; and terms of two years each on Counts 8 through 12, sexual battery. The trial court further ordered the sentences imposed on Counts 1 through 7 to be served consecutively and the sentences imposed on Counts 8 through 12 to be served concurrently with each other and with the first seven counts.
 {¶ 5} After his convictions as outlined above were affirmed by this court on appeal, appellant filed a pro se application to reopen his appeal. Upon consideration thereof, this court held, on September 6, 2002, that appellant presented a genuine issue as to whether he was deprived of effective assistance of appellate counsel and thus was entitled to reopen his appeal. This matter is reopened for the limited purpose of reviewing only the errors set forth by appellant in his application for reopening which relate to the denial of his motion to suppress, the sentences imposed, and his sexual predator classification.
 {¶ 6} Appellant now sets forth the following assignments of error:
 {¶ 7} "I. The record does not support the trial court's classification of appellant as a sexual predator pursuant to R.C.2950.09.
 {¶ 8} "II. A. The trial court abused its discretion when it sentenced appellant to the maximum terms of incarceration on each count upon which he was convicted.
 {¶ 9} "B. The trial court abused its discretion when it sentenced appellant to maximum consecutive terms.
 {¶ 10} "III. The appellant was denied effective assistance of counsel with respect to trial counsel's handling of appellant's motion to suppress."
 {¶ 11} In his first assignment of error, appellant asserts that the state did not present clear and convincing evidence to support his classification as a sexual predator and that the trial court failed to consider all the factors set forth in R.C.2950.09(B)(2) for making such a determination. Appellant also argues that the state did not provide clear and convincing evidence that he was "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
 {¶ 12} R.C. 2950.09(A) states that a person who has been convicted of or pleaded guilty to a sexually oriented offense may be classified as a sexual predator. R.C. 2950.09(B)(1) requires the trial court to conduct a hearing to determine the offender's status. A determination that the offender is a sexual predator must be supported by clear and convincing evidence. R.C.2950.09(B)(4) . Clear and convincing evidence is that degree of proof which is sufficient to establish in the mind of the trier of fact a "firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. In reviewing a trial court's decision founded upon this degree of proof, an appellate court must examine the record to determine whether the evidence satisfies the clear and convincing standard. Id.
 {¶ 13} R.C. 2950.01(E) defines "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C.2950.09(B)(3), in determining whether appellant is a sexual predator, the trial court must consider all relevant factors including, but not limited to, all of the following:
 {¶ 14} "(a) The offender's age;
 {¶ 15} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 16} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 17} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 18} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 19} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 20} "(g) Any mental illness or mental disability of the offender;
 {¶ 21} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 22} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 23} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 24} The trial court has the discretion to determine what weight, if any, should be given to each factor. State v.Thompson, 2001 Ohio 1288. Further, the trial court may rely on one factor more than another, depending on the circumstances of the case. State v. Boshko (2000), 139 Ohio App.3d 827.
 {¶ 25} The victim in this case testified extensively at the sexual predator hearing about the acts to which her father subjected her for nine years. The trial court adjudicated appellant a sexual predator based on the victim's testimony at the sexual predator hearing as to the acts to which her father subjected her over the years, and on its findings as to the victim's age and the parental relationship involved. The trial court also noted that appellant used marijuana to "loosen the victim up" and that appellant had previously been convicted of a criminal offense for which he had been incarcerated. Further, pursuant to R.C. 2950.09 (B)(3)(h) and (i), the trial court stated that the nature of appellant's sexual conduct with the victim, which began when she was nine years old and continued for nine years, demonstrated a pattern of abuse. The trial court also found that the many sexual acts that were committed in the presence of the victim and the sexual conduct she was forced to engage in with other people over the course of nine years constituted a pattern of abuse.
 {¶ 26} Appellant suggests that "simply committing sexually oriented offenses with a single victim is not proof, without further evidence or compelling acts, that the offender is likely to engage in the future in one or more sexually oriented offenses." We find, based on the evidence presented at trial and at the sexual predator hearing, that appellant was convicted of, among other things, raping his daughter repeatedly for nine years, not of "simply committing sexually oriented offenses with a single victim." It is entirely reasonable for the trial court to find that a man who would commit such acts upon his daughter for a period of nine years is likely to commit other sexually oriented offenses in the future. On consideration of the foregoing, this court finds that the trial court properly considered the relevant factors set forth in R.C. 2950.09(B)(2) and that there was clear and convincing evidence to support the court's finding that appellant is a sexual predator pursuant to R.C. 2950.01(E). Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 27} In his second assignment of error, appellant asserts that the trial court erred by imposing maximum sentences on Counts 1 through 7 and by ordering the maximum sentences to be served consecutively.
 {¶ 28} The provisions of R.C. 2929.14 direct when a maximum prison term may be imposed:
 {¶ 29} "(C) The court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 30} Further, R.C. 2929.19(B)(2)(d) requires the trial court to give its reasons for imposing a maximum prison term for a sentence for one offense or for two or more offenses arising out of a single incident. Thus, the trial court must determine that the offender fits into one of the categories listed in R.C.2929.14(C) and make the necessary "finding that gives its reasons" for imposing the maximum sentence or sentences. Statev. Edmonson (1999), 86 Ohio St.3d 324, 329.
 {¶ 31} This court has thoroughly read the entire transcript of appellant's sentencing hearing. The trial court very clearly stated its reasons for imposing the sentences as it did, citing the age of the victim when it began, the nine-year duration of the abuse, the incestuous nature of the acts, physical harm inflicted, psychological manipulation over an extended period of time, and violation of the sacred bond between a parent and child. The trial court also noted appellant's history of criminal convictions, some of them involving offenses of violence.
 {¶ 32} Considering, however, whether the record before us demonstrates compliance with the requirements of R.C. 2929.14(C) as outlined above, we find that it does not. The trial court failed to record a finding pursuant to R.C. 2929.14(C) that appellant either committed the worst form of the offense or poses the greatest likelihood of committing future crimes. We note that the trial court did comply with R.C. 2929.19(B)(2)(d) by giving its reasons as set forth above, but the lack of a finding pursuant to R.C. 2929.14(C) requires us to find appellant's argument well-taken as to the imposition of maximum sentences.
 {¶ 33} Appellant also suggests that the trial court should not have ordered him to serve several of the sentences consecutively. R.C. 2929.14(E)(4), as it read at the time of appellant's sentencing, defines what a trial court must do to impose consecutive sentences:
 {¶ 34} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive services is necessary to protect the public from future crime or to punish the offender, that the seriousness of the offenses requires consecutive service, or that the danger posed to the public by the offender is great unless consecutive service is required, and if the court also finds any of the following:
 {¶ 35} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 36} "(b) The harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 37} "(c) The offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 38} The trial court explained in detail why it was imposing consecutive sentences. Those reasons included the degree of harm caused to the victim and the need to protect the public from further harm by appellant in light of his history of criminal conduct. The trial court correctly concluded that consecutive sentences were appropriate in this case. Accordingly, we find that this argument is without merit.
 {¶ 39} Based on the foregoing, appellant's second assignment of error is well-taken in part and not well-taken in part.
 {¶ 40} In his third assignment of error, appellant asserts that he was denied effective assistance of counsel with respect to trial counsel's handling of his motion to suppress. Appellant argues that trial counsel should not have waived hearing on the motion.
 {¶ 41} Prior to trial, appellant filed a motion to suppress the evidence seized in this case. In his motion, appellant alleged that that the evidence seized should have been suppressed because the search of his house was executed on November 7, 1999, but the warrant was signed on November 8, 1999. The record reflects that Detective Prosowski of the Sandusky Police Department signed an affidavit which was notarized on November 8, 1999, in which she stated that she was contacted on that day by the Marietta, Ohio, Police Department regarding possible sexual abuse taking place in appellant's home. Based on the affidavit, a warrant was issued on November 8, 1999, by Judge Erich O'Brien of the Sandusky Municipal Court. However, the return for the search warrant, signed by Detective Prosowski, states that the warrant was received on November 7, 1999, and executed on that day. It is that inconsistency that appellant challenged in the trial court.
 {¶ 42} On April 12, 2000, the motion to suppress came on for hearing. In the presence of the court and the state, counsel for appellant waived hearing on the motion. Upon inquiry by the court, counsel for appellant indicated that Detective Prosowski had told him that the inconsistency in the dates was a typographical error. Appellant now asserts that trial counsel should have insisted on a hearing so that the persons involved could have testified under oath as to their explanation of the inconsistent dates. Instead, the trial court asked counsel whether they knew that there was a typographical error and they responded that they had. Counsel for appellant stated to the court that the judge had signed the warrant on November 7, 1999, and that it had been executed on that same day but that several copies of the documents had been made before the dates were corrected. The judge again asked trial counsel whether he disputed that explanation and he stated that he did not. The court then overruled the motion to suppress.
 {¶ 43} To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. This standard requires appellant to satisfy a two-part test. First, appellant must show that counsel's representation fell below an objective standard of reasonableness. Second, appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different when considering the totality of the evidence that was before the court. Strickland v. Washington (1984), 466 U.S. 668. This test is applied in the context of Ohio law that states that a properly licensed attorney is presumed competent. State v. Hamblin
(1988), 37 Ohio St.3d 153.
 {¶ 44} An affidavit used to procure a search warrant may be challenged by the defendant based on the truthfulness of the statements contained in the affidavit and a hearing must be held at the defendant's request:
 {¶ 45} "[w]hen the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, * * *."Franks v. Delaware (1978), 438 U.S. 154, at syllabus.
 {¶ 46} In the instant case, trial counsel explained that the discrepancy in dates was a typographical error that was corrected as soon as it was detected. Trial counsel handled the matter in a reasonable manner and we find that based on his explanation an evidentiary hearing was not necessary. It is clear that counsel would not have been able to establish by a preponderance of the evidence that the incorrect date was entered in the affidavit "knowingly and intentionally, or with reckless disregard for the truth." Id. at 155. See State v. Loudermill (Aug. 12, 1988), Lucas App. No. l-87-377.
 {¶ 47} In light of the foregoing, we find that trial counsel's decision to waive hearing on the motion to suppress did not fall below an objective standard of reasonableness and, accordingly, appellant's third assignment of error is not well-taken.
 {¶ 48} Upon consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed in part and reversed in part. That portion of its order imposing maximum sentences for the convictions is reversed and this case is remanded to the trial court for resentencing consistent with this decision and judgment entry. The judgment of the trial court is affirmed in all other respects. Costs of this appeal are assessed equally to the parties.
Judgment affirmed in part and reversed in part.
Handwork, P.J., Knepper, J., and Singer, J., concur.