OPINION
{¶ 1} Appellant, Lucas Williams ("Williams"), was sentenced by the common pleas court to forty-seven years in prison. He had been convicted by a jury of multiple counts of rape, attempted rape, kidnapping, aggravated burglary, and felonious assault. On appeal, he is arguing that Ohio's sentencing statutes are unconstitutional in light of Blakely v. Washington,[1]
that his counsel was ineffective in failing to raise Blakely to mitigate the length of his sentence, and that the trial court erred in the number of years assessed against him with respect to one of his eleven convictions.
 {¶ 2} The incident giving rise to his convictions occurred on September 3, 2003, in Ashtabula, Ohio. Williams entered the apartment then occupied by Crystal Long ("Long"), who was babysitting two young boys age five and under. They were the children of Mindy Wright ("Wright"). Williams had a gun, and used it to hit Long numerous times on the head. He held it to her head and the heads of the two boys and threatened to kill them. He used it to compel Long to commit fellatio on him three separate times. He raped her vaginally and threatened to kill her at the same time. He choked her until she lost consciousness and, then, hit her until she came to. He also tried to penetrate her anally, but was unsuccessful in doing so.
 {¶ 3} Williams was arrested the next day, and his gun was found in a yard where he had passed out the night before.
 {¶ 4} At trial, Williams admitted owning the gun and admitted that he did take the gun into Wright's apartment on the night in question. He also admitted having sex with Long, but said that it was consensual and that the slapping and choking occurred after consensual sex.
 {¶ 5} Following a motion pursuant to Crim.R. 29, two of the thirteen counts for which Williams was being tried were dismissed, the remaining eleven counts were renumbered, and the jury returned guilty verdicts on all eleven counts.
 {¶ 6} The trial court sentenced Williams on July 8, 2004. The aggregate sentence was a combination of concurrent and consecutive sentences. Williams received a total prison sentence of forty-seven years.
 {¶ 7} Williams' first assignment of error is as follows:
 {¶ 8} "The Ashtabula County Court of Common Pleas erred to the prejudice of appellant when it sentenced him to consecutive terms of imprisonment totaling forty-seven years including sentencing him to more than the `statutory minimum' terms without the jury having made the findings necessary to support those terms."
 {¶ 9} The recent case of State v. Foster held that, on the authority of Blakely v. Washington and United States v.Booker, R.C. 2929.14(E)(4), R.C. 2929.14(B) and (C), and2929.19(B)(2) must be severed from Ohio sentencing statutes, and that appellants currently on direct appeal must have their cases returned to the trial court for resentencing where consecutive or "more than the minimum" sentences have been imposed pursuant to those statutes.[2]
 {¶ 10} Williams received more than the minimum sentence for each conviction. He received consecutive sentences with respect to five of his eleven convictions. In addition, he received three-year mandatory sentences for the firearm specifications on eight of the eleven counts. These latter sentences were all to be served concurrently.
 {¶ 11} On resentencing, the trial court shall reconsider the imposition of the sentences that were more than the minimum for each offense and shall reconsider the imposition of consecutive sentences formerly imposed. The mandatory sentences imposed due to the firearm specifications have not been challenged in this appeal and shall not be disturbed. The third paragraph of the syllabus of State v. Saxon states:
 {¶ 12} "An appellate court may only modify, remand, or vacate a sentence for an offense that is appealed by the defendant and may not modify, remand, or vacate the entire multiple-offense sentence based upon an appealed error in the sentence for a single offense."[3]
 {¶ 13} Therefore, the sentences imposed for the firearm specifications shall remain undisturbed on resentencing.
 {¶ 14} The first assignment of error has merit.
 {¶ 15} Williams' second assignment of error is as follows:
 {¶ 16} "The Ashtabula County Court of Common Pleas erred to the prejudice of appellant when it sentenced him to a prison term of eight (8) years on count eleven of the indictment."
 {¶ 17} The sentencing order of the trial court recited that Williams receive a sentence of eight years with respect to Count 11, a felonious assault charge. Felonious assault is a violation of R.C. 2903.11. Under the circumstances present in this case, felonious assault is a felony of the second degree.[4] The trial court referred to it as a felony of the first degree.
 {¶ 18} The maximum prison term for a felony of the second degree is eight years,[5] whereas the prison terms for a felony of the first degree range up to ten years.[6]
Appellant argues that the trial court mistakenly sentenced him to eight years because it had in mind an intermediate prison term for a felony of the first degree instead of the maximum for a felony of the second degree.
 {¶ 19} The record from the sentencing hearing reflects the trial court's reason for making the prison term for felonious assault consecutive to other counts. The court said, "[c]oncerning the felonious assault charge, the Court finds specifically that the injuries that the victim suffered in that case were not directly related to the rape offense, but the defendant did inflict harm upon the victim by pistol whipping her and striking her in the head with his firearm. And so, that's one of the reasons why the Court has given a consecutive sentence with the felonious assault." The court did not otherwise explain the imposition of an eight-year sentence for felonious assault.
 {¶ 20} Williams did not raise the issue of the trial court's erroneous reference to the felonious assault conviction as a first-degree felony at the trial court level. Ordinarily, therefore, we would approach this assignment of error under a plain error analysis. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."[7]
 {¶ 21} This particular part of the sentence, being consecutive to the balance of Williams' sentence and "more than the minimum" for a second-degree felony, cannot stand by itself once the balance of the sentence has been found to be in error. The fact that the trial court improperly referred to the offense as a first-degree felony instead of a second-degree felony will be reviewed upon resentencing. When this matter is returned to the trial court for resentencing, the trial court must be given the discretion to decide whether this part of this sentence shall be consecutive or concurrent with the other part of the sentence.
 {¶ 22} Therefore, in light of our analysis under the first assignment of error, and the fact that we have decided to return this matter to the trial court for resentencing, no further analysis under this assignment of error is necessary.
 {¶ 23} We find that Williams' second assignment of error has merit.
 {¶ 24} Williams' third assignment of error is as follows:
 {¶ 25} "The appellant did not receive the effective assistance of counsel guaranteed him by the Sixth andFourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Ohio."
 {¶ 26} In this assignment of error, Williams is arguing that his counsel should have lodged an objection at the time of sentencing. He argues that because Blakely v.Washington[8] had been decided fourteen days before his sentencing hearing, counsel should have been aware that Blakely
was the law of the land. Had his counsel argued the Blakely
case, Williams argues that the outcome would have been different.
 {¶ 27} In light of our analysis of the first assignment of error, we find this assignment of error to be moot.
 {¶ 28} The third assignment of error is moot.
 {¶ 29} That part of the trial court's sentencing order imposing consecutive sentences and more than the minimum sentences is reversed in light of the decision in State v.Foster. The remaining sentences pertaining to firearm specifications shall remain undisturbed in light of the decision in State v. Saxon. This matter is remanded to the trial court for further proceedings consistent with this opinion.
Rice, J., O'Toole, J., concur.
[1] Blakely v. Washington (2004), 542 U.S. 296.
[2] State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, paragraphs one through four of the syllabus, citing Blakely v.Washington (2004), 542 U.S. 296 and United States v. Booker
(2005), 543 U.S. 220.
[3] State v. Saxon, ___ Ohio St.3d ___, 2006-Ohio-1245, paragraph three of the syllabus.
[4] R.C. 2903.11(D).
[5] R.C. 2929.14(A)(2).
[6] R.C. 2929.14(A)(1).
[7] Crim.R. 52(B).
[8] Blakely v. Washington (2004), supra.