DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Michael Carpenter, appeals the maximum sentences imposed by the Erie County Court of Common Pleas. The procedural history of this cause is as follows. After a jury trial, appellant was convicted of one count of gross sexual imposition, five counts of sexual battery, and six counts of rape. One of the rape counts was specified as a rape with force and required the imposition of a mandatory life sentence. Appellant appealed his convictions to this court. See State v.Carpenter, 6th Dist. No. E-00-33, 2002-Ohio-2266. We affirmed the judgment of the common pleas court. Id. at ¶ 84.
 {¶ 2} Appellant then filed, pursuant to App.R. 26(B), an application to reopen his appeal. State v. Carpenter, 6th Dist. No. E-00-33, 2002-Ohio-4824. Appellant alleged, among other things, that his appellate counsel was ineffective because counsel failed to file a transcript of his sentencing hearing. Id. at ¶ 7. He contended that the trial court did not "comply with the sentencing guidelines found in R.C. Chapter 2929 in imposing maximum and consecutive sentences." Id. Because the trial court's judgment entry[1] did not contain the requisite findings and reasons for those findings in imposing maximum and consecutive sentences, we granted the motion to reopen. Id. at ¶ 11 and 12.
 {¶ 3} Appellant filed a brief asserting several assignments of error; nevertheless, we concluded that the trial court erred only as to its failure to state, at the sentencing hearing, the statutory findings and reasons for those findings in imposing maximum sentences for some of his convictions. State v.Carpenter, 6th Dist. No. E-00-033, 2004-Ohio-1036, at ¶ 32. We therefore reversed that portion of the trial court's "order imposing maximum sentences for the convictions" and remanded this cause "for resentencing consistent with this judgment entry." Id. at 48.
 {¶ 4} On remand, the trial court held a sentencing hearing on the question of maximum sentencing only. The court determined that one of the necessary criteria in R.C. 2929.14(C) was met. Specifically, on the record at the sentencing hearing, the judge found that appellant committed the worst forms of the offenses. See State v. Edmonson (1999), 86 Ohio St.3d 324, 329, abrogated, State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In addition, pursuant to former R.C. 2929.19(B)(2)(d), the court set forth its reasons for doing so. See Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraph two of the syllabus, abrogated, Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The court below then amended its May 5, 2000 sentencing order, incorporating the language of R.C. 2929.14(C), and the reasons for its finding. Appellant timely appeals this judgment and asserts the following assignments of error:
 {¶ 5} "The trial court erred when it failed to conduct a de novo sentencing hearing upon remand, denying appellant due process of law.
 {¶ 6} "The trial court erred when it sentenced defendant in accordance with the provisions of the Ohio Revised Code under Senate Bill 2 for crimes allegedly committed on or about the period from 1990 through 1993, and from the period from January 1996 through November 1999.
 {¶ 7} "The trial court erred when it sentenced defendant to maximum sentences on the basis of facts neither found by the jury in returning its verdict of guilty, nor admitted to by appellant, violating his Sixth Amendment right to trial by jury."
 {¶ 8} In his first assignment of error, appellant contends that when a sentence is reversed and remanded, the entire sentence, not just a portion of that sentence, is reversed. Appellant therefore argues that on remand for sentencing, a trial court is required to hold a complete and de novo sentencing hearing. Since the trial court in this case only addressed, pursuant to our mandate, that part of appellant's sentence involving maximum sentences, appellant maintains that we must find error, reverse the trial court's judgment on sentencing, and remand this cause for a de novo sentencing hearing. We disagree.
 {¶ 9} In the recent case of State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, at paragraph two of the syllabus, the Ohio Supreme Court rejected the "sentence packaging" doctrine espoused by the federal courts. This doctrine requires a court to consider all "sanctions imposed on multiple offenses as components of a single, comprehensive sentencing plan." Id. at ¶ 5 (citations omitted). Thus, in federal courts, the existence of an error in sentencing on one of part of the package may necessitate modification or vacation of the entire package. Id. at ¶ 6, citing United States v. Clements (C.A.6, 1996), 86 F.3d 599,600-601. However, the Saxon court found that Ohio's sentencing scheme is unlike the federal sentencing guidelines (which are interdependent) because Ohio's statutory scheme "is clearly designed to focus on one offense at a time." Id. at ¶ 8. Thus, in a case involving multiple offenses, an Ohio appellate court may modify, remand, or vacate only those sentences imposed for an offense that is appealed by the defendant. Id. at paragraph three of the syllabus. See, also, State v. Kincer, 12th Dist. No. CA2005-07-059, 2006-Ohio-2249, at ¶ 14; State v. Williams, 11th Dist. No. 2004-A-0052, 2006-Ohio-2008, at ¶ 11 and 12.
 {¶ 10} As applied to the present case, the only sentencing issues raised by appellant in his reopened appeal were his maximum sentences, the fact that his sentences were ordered to be served consecutively, and his sexual predator classification. We found no error in the imposition of consecutive sentences and in the sexual predator classification. Consequently, we could, underSaxon, reverse and remand only the imposition of maximum sentences for certain of the appealed offenses, and the trial court was not required to engage in a complete and de novo sentencing hearing. Therefore, appellant's first assignment of error is found not well-taken.
 {¶ 11} In his second assignment of error, appellant claims that the trial court erred in sentencing him under Am. Sub. S.B. 2, 146 Ohio Laws, Part IV. 7136, effective July 1, 1996 ("S.B. 2"), for offenses committed prior to the effective date of S.B. 2. Appellant asserts that Counts 1 and 2 of the indictment allege that the offenses of gross sexual imposition and rape involving force or threat of force occurred between 1990 and 1993. Consequently, he alleges that the trial court could not sentence appellant under S.B. 2. Appellant further argues that the remaining counts of the indictment aver that the offenses occurred between January 1996 through November 1999 and are, therefore, too indefinite for the purpose of applying S.B. 2 in sentencing appellant.
 {¶ 12} In opposition, appellee maintains that our consideration of appellant's second assignment of error is barred by the doctrine of res judicata. Appellee also contends, in the alternative, that (1) appellant could have/would have received the same sentences on Counts 1 and 2 under the pre-S.B. 2 sentencing scheme; and (2) the trial court had the discretion to find that Counts 3 through 12 were committed after July 1, 1996.
 {¶ 13} Pursuant to the doctrine of res judicata, a final judgment of conviction precludes a criminal defendant "`who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment.'" State v. Saxon, at ¶ 17, quoting State v. Perry
(1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The doctrine of res judicata prevents the endless re-litigation of an issue on which a defendant has already had full opportunity to be heard and, therefore, promotes the legal principles of finality and judicial economy. Id. at ¶ 18. Thus, when a defendant fails to appeal a particular sentence, he cannot take advantage of an error that occurs in another sentence or sentences. Id. at 19.
 {¶ 14} Here, appellant had two opportunities, his direct appeal and the request to reopen that appeal, to assert the question raised in his second assignment of error. He did not do so. Consequently, we find that appellant cannot take advantage of the trial court's alleged error in imposing maximum sentences for six of his convictions (one count of gross sexual imposition and five counts of rape) and hold that the issue raised for the first time in this appeal is barred by the doctrine of res judicata. Appellant's second assignment of error is found not well-taken.
 {¶ 15} Appellant's third assignment of error claims that the trial court violated the Sixth Amendment to the United States Constitution by sentencing appellant to maximum sentences for the six convictions mentioned above on the basis of facts neither found by the jury or admitted by appellant. In light of the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, appellant's third assignment of error has merit.
 {¶ 16} In Foster, the Ohio Supreme Court applied Blakelyv. Washington (2004), 542 U.S. 296, and Apprendi v. New Jersey
(2000), 530 U.S. 466 and determined that R.C. 2929.14(B), (B)(2), (C), and (E)(4) violate the Sixth Amendment to the United States Constitution. Id. at paragraphs one and three of the syllabus. Therefore, with respect to cases pending on direct review, where a trial court relies on any of these unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter must be remanded to the trial court for a new sentencing hearing. Foster, at ¶ 103 and 104. Because the trial court relied on R.C. 2929.14(C) in imposing maximum sentences for six of appellant's convictions, we are compelled, under Foster, to find that this portion of appellant's sentence is void and must be vacated. Accordingly, appellant's third assignment of error is found well-taken.
 {¶ 17} The judgment of the Erie County Court of Common Pleas is therefore affirmed, in part, and reversed, in part. This matter is remanded to the trial court for a new sentencing hearing in accordance with Foster, supra, on the question of the imposition of maximum sentences on Counts 1, 3, 4, 5, 6, and 7. Costs of this appeal are ordered, pursuant to App.R. 24, to be paid, in equal shares, by appellant and the state of Ohio. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.
[1] At the time that the motion to reopen was filed, this court allowed the requisite findings and reasons for these findings to be made either at the sentencing hearing or in the court's judgment entry. See Carpenter, 2002-Ohio-4824, at ¶ 11. However, in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph one of the syllabus, the Ohio Supreme Court held that the mandated findings and reasons for those findings must be made on the record at the sentencing hearing.