DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Eric D. Finn, pled no contest and was found guilty of cocaine trafficking and evidence tampering in the Lucas County Court of Common Pleas. Both offenses are third degree felonies.
 {¶ 2} The court imposed a mandatory four year term of incarceration on the trafficking offense and a second four year term for the other count. In the same proceeding, the court found appellant in violation of the terms of his community control from a prior cocaine possession conviction and imposed the original ten month sentence from that matter.
 {¶ 3} Without stating findings during the sentencing hearing, the court ordered the trafficking and tampering sentences to be served concurrently, but consecutive to the term for the community control violation. In its written sentencing entry, however, the court found consecutive sentences not disproportionate to appellant's conduct, that the present criminal acts were committed while appellant was under community control and that appellant's prior criminal history requires consecutive sentences.
 {¶ 4} From this sentence, appellant now brings this appeal, setting forth the following two assignments of error
 {¶ 5} "Assignment of error 1:
 {¶ 6} "The trial court illegally sentenced the appellant and/or failed to make the necessary determinations required by law, therefore making the sentence contrary to law.
 {¶ 7} "Assignment of error 2:
 {¶ 8} "Appellant's sentencing pursuant to Ohio Revised Code §2929.14 and the judge's findings during sentencing deprived the appellant his rights to fundamental fairness with respect to prosecution and sentencing and violated his Sixth Amendment rights."
 {¶ 9} Formerly, the statutory findings required to impose consecutive sentences had to be made at the sentencing hearing. Recitation of the factors in the judgment entry alone were insufficient to satisfy the statute. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, syllabus. In State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, at paragraph three of the syllabus, however, the Supreme Court of Ohio found the R.C.2929.14(E)(4) predicate findings for consecutive sentences unconstitutional, pursuant to Blakely v. Washington (2004),542 U.S. 296, and ordered that portion of the sentencing statute severed.
 {¶ 10} "After the severance, judicial factfinding is not required before imposition of consecutive prison terms." Id. at paragraph four of the syllabus. After Foster, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences." Id. at paragraph seven of the syllabus. Moreover, Comer's requirement of judicial factfinding stated at sentencing hearings did not survive Foster. State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, at ¶ 26.
 {¶ 11} In his first assignment of error, appellant maintains that his sentence was improper because the court failed to state its R.C, 2929.14(E) findings during the sentencing hearing in conformity with Comer. Appellant would be correct had the findings requirement survived. Retroactive application ofFoster, however, means that the trial court's failure to state the required findings at the sentencing hearing is immaterial, because the findings were entered in the judgment entry. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 12} Nevertheless, once it is concluded that the trial court's sentence was in conformity with the statute, application of Foster mandates a conclusion that consecutive sentences were entered in violation of appellant's Sixth Amendment rights. Accordingly, appellant's second assignment of error is well-taken and appellant is entitled to have his sentence vacated and to a new sentencing hearing.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to the trial court for a new sentencing hearing in conformity with State v. Foster, supra. Appellee is ordered to pay costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J., concur.