DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentencing order issued by the Lucas County Court of Common Pleas. Because we find that the sentencing of appellant violated his Sixth Amendment rights pursuant to Blakely v. Washington (2004), 542 U.S. 296, we reverse and remand.
 {¶ 2} Appellant, Juan Rivera, was charged with 12 counts of rape and six counts of gross sexual imposition. In a plea agreement, appellant pled guilty to two of the counts of rape and two of the counts of gross sexual imposition. On each count of gross sexual imposition, appellant was sentenced to concurrent one year terms. Appellant was sentenced to seven year terms, to be served consecutively, for each rape count. The gross sexual imposition sentences were to be served concurrently with the rape sentences. In total, appellant was sentenced to 14 years in prison.
 {¶ 3} From the sentence appellant now brings this appeal, setting forth the following three assignments of error
 {¶ 4} "Assignment of error No. 1:
 {¶ 5} "In sentencing the Appellant, the trial court relied on facts not within the jury verdict or admitted by the Defendant, contrary to the United States Supreme Court's rulings in USA [sic] v. Booker [(2005), 543 U.S. 220] and Blakely v. Washington."
 {¶ 6} "Assignment of error No. 2:
 {¶ 7} "In the imposition of consecutive sentences, the trial court relied on facts not within the jury verdict or admitted by the Defendant, contrary to the United States Supreme Court's ruling in USA [sic] v. Booker and Blakely v. Washington."
 {¶ 8} "Assignment of error No. 3:
 {¶ 9} "The trial court, when imposing Defendant-Appellant's sentence, failed to state its findings and articulate its reasons for imposing consecutive sentences in accordance with strict and technical requirements of R.C. 2929.14(E)(4)."
 {¶ 10} R.C. 2929.14(B) provided that, "the court shall impose the shortest prison term authorized for the offense," unless certain circumstances have been met. R.C. 2929.14(E)(4) provided that, "the court may require the offender to serve the prison terms consecutively," if a court makes certain findings.
 {¶ 11} Appellant, in his first two assignments of error, contends that the trial court's sentencing of non-minimum and consecutive sentences violates appellant's Sixth Amendment rights, as stated in Blakely, supra.
 {¶ 12} The Ohio Supreme Court has held that Blakely is applicable to Ohio's sentencing plan. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 50. In Foster, it was determined that R.C. 2929.14(B) and R.C. 2929.14(E)(4) were unconstitutional. Id. at paragraphs one and three of the syllabus. "Since a jury verdict alone does not determine the sentence, R.C. 2929.14(B) violates Blakely principles." Id. at ¶ 61. The same was said for R.C. 2929.14(E)(4). Id. at ¶ 67.
 {¶ 13} Appellant's first and second assignments of error are well-taken. Now that R.C. 2929.14 (B) and R.C. 2929.14(E)(4) have been declared unconstitutional, appellant must be sentenced again, pursuant to State v. Foster, 109 Ohio St.3d at ¶ 103-105.
 {¶ 14} In the third assignment of error, appellant contends that the trial court did not make findings and give the reasons for the consecutive sentences, as required by State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20.
 {¶ 15} After Foster, "The judicial fact-finding thatComer mandated at sentencing hearings for consecutive or nonminimum sentences, however, no longer survives." State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 26. See, also,State v. Finn, 6th Dist. No. L-05-1019, 2006-Ohio-1983, at ¶ 10.
 {¶ 16} Appellant's third assignment of error is not well-taken.
 {¶ 17} On consideration, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for re-sentencing. Appellee is ordered to pay costs of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. Concur.