DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which sentenced defendant-appellant, Adrian D. McCaster, to a five year term of incarceration, consecutive to a term of three years on a firearm specification, after finding McCaster guilty of felonious assault, a second degree felony. McCaster now challenges his sentence through the following assignment of error:
 {¶ 2} "The trial court's imposition of a prison term greater than the minimum available pursuant to R.C. § 2929.14(B) [sic] was contrary to law."
 {¶ 3} At the sentencing hearing below, the trial court, in imposing a greater than minimum sentence, stated that it considered "the record, the oral statements, the victim impact statement, the PSI prepared, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under 2929.12." The court did not state at the hearing any findings in support of the greater than minimum sentence. In its judgment entry of sentence, however, the court expressly found "on the record pursuant to R.C. 2929.14(B) that the shortest prison term will demean the seriousness of the offender's conduct OR will not adequately protect the public from future crime and therefore imposes a greater term."
 {¶ 4} Upon review, we find that this case is controlled by the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the court held that R.C. 2929.14(B) violates the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. Although the lower court did not reference the unconstitutional statute at the sentencing hearing below, the court did expressly rely on the statute in the judgment entry of sentence and, as such, the sentence is void and must be vacated. Foster, supra at ¶ 103-104. See, also, State v. Finn, 6th Dist. No. L-05-1019, 2006-Ohio-1983; State v. Harris, 6th Dist. No. E-04-034, 2006-Ohio-1396. Accordingly, appellant's sole assignment of error is well-taken.
 {¶ 5} On consideration whereof, we find that the Lucas County Court of Common Pleas erred in sentencing appellant. The trial court's judgment of sentence is hereby vacated and the case is remanded to the trial court for resentencing in accordance withFoster. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Singer, P.J., Parish, J. Concur.