DECISION AND JUDGMENT ENTRY
{¶ 1} This cause comes on appeal from the Lucas County Court of Common Pleas. Appellant, James R. Leasure, entered a plea pursuant to NorthCarolina v. Alford (1970) 400 U.S. 25, to charges of felonious assault, a felony of the first degree and a violation of R.C. 2903.11(A)(2), and attempted possession of crack cocaine, a felony of the second degree and a violation of R.C. 2923.02 and R.C. 2925.11(A), (C)(4)(e). Appellee entered a nolle prosequi to four other charges, including possession of cocaine, trafficking in cocaine, and assault. After a sentencing hearing, the trial court imposed a term of three years incarceration for felonious assault and five years incarceration for attempted possession of crack cocaine. The terms were ordered to run consecutively for a total term of eight years incarceration.
 {¶ 2} Appellant timely appealed and now sets forth three assignments of error:
 {¶ 3} "I. The trial court erred in not granting Leasure's motion to suppress because the consensual encounter with him became a detention without probable cause or a reasonable articulable suspicion.
 {¶ 4} "II. Leasure received ineffective assistance of counsel at the suppression hearing which materially affected the outcome.
 {¶ 5} "III. Leasure's sentence was unconstitutional underFoster because the trial court made findings of fact in imposing consecutive sentences that were not the minimum available."
 {¶ 6} The state contends that a guilty plea, including a plea entered pursuant to Alford, waives all appealable errors except those errors precluding a knowing, intelligent and voluntary guilty plea, citing our decision in State v. Pringle (June 30, 1999), 6th Dist. No. L-98-1275. Because this argument impacts appellant's first and second assignments of error, we address them jointly.
 {¶ 7} "A plea of guilty following a trial and prior to sentencing effectively waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from voluntarily entering into his or her plea pursuant to the dictates of Crim.R. 11 and Boykin v. Alabama (1969), 395 U.S. 238, 243." State v.Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus. Possible error in a trial court's denial of a motion to suppress is among those appealable errors waived. See Huber Hts. v. Duty (1985),27 Ohio App.3d 244, syllabus; State v. Elliott (1993), 86 Ohio App.3d 792,795; State v. Moldonado, 6th Dist. No. L-03-1166, 2004-Ohio-3001, ¶ 6.
 {¶ 8} A defendant entering a plea of guilty also waives the right to appeal alleged ineffective assistance of counsel, unless it is shown that the ineffective assistance "caused the plea to be less than knowing and voluntary." State v. Barnett (1991), 73 Ohio App.3d 244, 249, citingUnited State v. Broce (1989), 488 U.S. 563, 574. See, also, State v.Towbridge, 6th Dist. No. L-02-1125, 2004-Ohio-481, ¶ 26, citingState v. Spates (1992), 64 Ohio St.3d 269, 272. Here, appellant only argues that his counsel was ineffective for failing to call eyewitnesses to testify at his suppression hearing.
 {¶ 9} In Pringle, we held that a guilty plea entered pursuant toAlford is "procedurally indistinguishable from a guilty plea in that it severely limits claimed errors to those which affect the voluntariness of the plea." Pringle, 6th Dist. No. L-98-1275, citing State v.McDay (May 9, 1997), 6th Dist. No. L-96-027; State v. Witcher (Dec. 30, 1993), 6th Dist. No. L-92-354; State v. Barhite (July 12, 1991), 6th Dist. No. L-90-043. An Alford plea allows a defendant to enter a plea of guilty while professing his innocence. Our analysis of waived errors for an Alford plea is identical to the analysis performed when a defendant enters a plea of guilty. Thus, we must examine appellant's plea hearing.
 {¶ 10} The United States Constitution and Crim.R. 11(C) governs a trial court's acceptance of a guilty plea in a felony case. A trial court's compliance with these standards makes possible "a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." State v. Nero (1990), 56 Ohio St.3d 106,107. The United States Constitution requires the record to reflect a knowing and voluntary waiver of "(1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers." Id., citing Boykin v.Alabama (1969), 395 U.S. 238, 242-243.
 {¶ 11} Crim.R. 11(C)(2) requires the trial court to personally address the defendant, on the record, and conduct a colloquy in order to:
 {¶ 12} "(a) Determine] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 13} "(b) [Inform] the defendant of and determine] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 14} "(c) [Inform] the defendant and determine] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(a)-(c).
 {¶ 15} Upon a review of the plea hearing, we find that the trial court complied with Crim.R. 11(C); it ascertained each requirement listed in Crim.R. 11(C) and in Boykin. Therefore, appellant's first and second assignments of error are not well-taken.
 {¶ 16} In his third assignment of error, appellant asserts that his sentences were imposed in violation of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, which found, pursuant to Blakely v. Washington (2004),542 U.S. 296 and Apprendi v. New Jersey (2000) 530 U.S. 466, that specified sections of Ohio's sentencing statutes violate theSixth Amendment to the United States Constitution.[1] Pursuant toFoster, trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range. Id., ¶ 100. The trial court did not, in its judgment entry or at the sentencing hearing, specifically cite a statutory section severed by Foster. Appellant argues that the trial court violated Foster when it imposed terms which were above the minimum terms allowed; appellant cites no statutory section upon which the trial court relied in contravention of Foster. Appellant received the minimum allowable term of three years for a felony of the first degree, and the five year term is greater than the minimum but less than the maximum allowed for a felony of the second degree.
 {¶ 17} With respect to cases pending on direct review, where a trial court relied on any of the unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter should be remanded to the trial court for a new sentencing hearing.Foster at ¶ 103-104.
 {¶ 18} With respect to the greater than minimum term of five years incarceration, we find that the sentencing court only considered the factors of R.C. 2929.12(B), (C), and (D), which are factors to be considered in exercising its discretion to most effectively "comply with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code * * *." The court considered that appellant had a juvenile record for unauthorized use of a motor vehicle and has a history of drug treatment and "numerous drug offenses," indicating that appellant was likely to commit future crimes pursuant to R.C. 2929.12(D)(2)and (3). Foster, 2006-Ohio-856, ¶ 40. The crimes were also committed while appellant was awaiting sentencing and under community control, factors constitutionally considered pursuant to R.C.2929.12(D)(1). Id. The court also found that the victim suffered serious harm and that the crime was perpetrated as part of organized criminal activity, factors "indicating that the offender's conduct is more serious than conduct normally constituting the offense" pursuant to R.C.2929.12(B)(2) and (7). Id at ¶ 38. Because these are discretionary factors, appellant's sentence of five years incarceration was not imposed in violation of Foster. Id. at ¶ 42, ¶ 99.
 {¶ 19} However, we find error with respect to the consecutive nature of appellant's sentence. When the court ordered the two terms of incarceration to run consecutively at the sentencing hearing, it did not state any of the factors of R.C. 2929.14(E)(4) as requiredpre-Foster. However, the judgment entry states: "Being necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS: defendant's criminal history requires consecutive sentences." We have held that when no findings in violation of Foster are made at the sentencing hearing, but are printed in the judgment entry, the consecutive aspect of the judgment of conviction is void and the defendant is entitled to a new sentencing hearing.State v. McCaster, 2006-Ohio-5116, ¶ 4, citing State v. Finn, 6th Dist. No. L-05-1019, 2006-Ohio-1983 and State v. Harris, 6th Dist. No. E-04-034, 2006-Ohio-1396. Appellant's third assignment of error is not well-taken, in part, and well-taken, in part.
 {¶ 20} Appellant's judgment of conviction is hereby vacated as to the consecutive aspect of appellant's sentence. State v. Goodell, 6th Dist. No. L-05-1262, 2006-Ohio-3386. This matter is remanded to the trial court for resentencing in accordance with Foster and the non-severed portions of Ohio's sentencing laws. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT VACATED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J., William J. Skow, J. CONCUR.
[1] Foster held the following statutory sections unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C.2929.19(B)(2); and R.C. 2929.41(A).