[Cite as *State v. Kapsouris*, 2019-Ohio-4734.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-019** |
| MICHAEL N. KAPSOURIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 001180.

Judgment: Vacated and remanded.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa A. Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH  44077 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Michael N. Kapsouris, appeals the January 29, 2019 judgment of the Lake County Court of Common Pleas sentencing him to seven years imprisonment on Count One, burglary, to which Mr. Kapsouris pleaded guilty, and, concurrently, twenty-four months on Count Two, attempted burglary, to which Mr. Kapsouris pleaded guilty by way of *North Carolina v. Alford,* 400 U.S. 25 (1970).

{¶2} Prior to entering his guilty pleas, both the trial court and defense counsel erroneously informed Mr. Kapsouris that by entering the *Alford* plea he would preserve his right to appeal certain presentence motions. On appeal, the state and Mr. Kapsouris agree that his *Alford* plea on Count Two was not knowingly, voluntarily, and intelligently made due to erroneous instruction by the court and defense counsel as to the appealability of certain pre-trial motions. The only remaining issue is whether the error also affects Mr. Kapsouris' guilty plea to Count One.

{¶3} For the reasons more fully set forth below, we find that it does and, accordingly, vacate Mr. Kapsouris' plea and sentences on both Counts One and Two and remand the matter to the Lake County Court of Common Pleas for further proceedings.

{¶4} The charges in this case stem from two incidents in Concord Township in October 2017. First, a residence on Ravenna Rd. was burglarized; it appeared the burglar forced entry into the residence with a tire iron or pry bar. The home's security system captured images of the burglary occurring and of the burglar getting into a vehicle registered to Mr. Kapsouris. Mr. Kapsouris' parole officer and Mr. Kapsouris' aunt later viewed the footage, and each identified the burglar as Mr. Kapsouris.

{¶5} Around the same time on the same day, another resident on Ravenna Rd. reported an attempted forced entry at his residence. The pry marks on the door frames of both houses appeared to be similar, though no images of the attempted burglar at the second residence were captured.

{¶6} After further investigation, Mr. Kapsouris was brought into custody and his cell phone and vehicle were impounded and searched. Detectives found a tire iron in

2

the trunk of the vehicle, which was compared to the pry marks and paint samples collected from both homes. The crime lab issued two reports; one found that the pry bar marks of the first burglarized house definitively matched the tire iron found in Mr. Kapsouris' vehicle. However, no definitive results were able to be obtained from comparing the tire iron to the marks at the second attempted burglary residence; in fact, the crime lab report labeled "17-1788" determined that the known paint sample from the residence and the questioned paint sample on the tire iron "exhibited dissimilar characteristics" and "[t]herefore, the known sample can be eliminated as being the source of the questioned paint."

{¶7} Detectives from the Lake County Sheriff's Office Mirandized Mr. Kapsouris and conducted an interview in which they showed him the video of the first burglary. Mr. Kapsouris admitted to committing the subject burglary and attempted burglary, as well as several other burglaries and attempted burglaries in different counties.

{¶8} In December 2017, Mr. Kapsouris was indicted on one count of Burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree, and one count of Attempted Burglary, in violation of R.C. 2923.02, a felony of the third degree. He was appointed counsel from the public defender's office. However, the public defender was removed shortly thereafter due to a conflict and private counsel was appointed.

{¶9} On December 9, 2017, a 150-day limited waiver of speedy trial was filed. In April 2018, defense counsel filed a Motion to Suppress certain statements that Mr. Kapsouris made to law enforcement. After a Suppression Hearing, the motion was denied. On July 20, 2018, defense counsel motioned to dismiss, alleging a violation of speedy trial. The court cited four tolling events and denied the motion.

{¶10} On August 28, 2018, the court conducted a hearing to determine if Mr. Kapsouris was rejecting the State's plea agreement, which offered a recommendation of seven years on Count One to run concurrent with any time imposed on Count Two and to remain silent as to the post-release-control time, if Mr. Kapsouris would plead guilty to both counts. At that hearing, defense counsel renewed the motion to dismiss and the trial court again rejected the motion. Then, after some deliberation, Mr. Kapsouris changed his plea and entered a guilty plea to Count One and a guilty plea by way of *Alford* on Count Two. It is undisputed that at that hearing both defense counsel and the court incorrectly advised Mr. Kapsouris that the *Alford* plea would protect his right to appeal the trial court's ruling on Mr. Kapsouris' previously raised Motion to Suppress and the Motion to Dismiss.

{¶11} The following day, Mr. Kapsouris, pro se, wrote a letter to the court stating "since I started thinking about it[,] I wish to withdraw my pleas of guilty," which the court construed as a Motion to Vacate his guilty pleas. The court held a hearing to address that motion, as well as the results of Mr. Kapsouris' competency evaluation and his request to replace his defense counsel. In support of his motion to vacate his guilty pleas, Mr. Kapsouris stated that his defense counsel failed to show him, prior to his change of plea, the crime lab report 17-1788, which concluded the paint samples of the second residence did not match those found on the tire iron. Defense counsel stated he had shown him the report prior to his change of plea. Ultimately, the court denied his request to withdraw his guilty pleas but did grant a request for new counsel. The court also found Mr. Kapsouris competent. The trial judge then retired, and the case was transferred to a different judge and reset for sentencing.

4

{¶12} Mr. Kapsouris' newly appointed defense counsel filed a Motion to Reconsider Defendant's Request to Vacate or Withdraw Plea, citing prior counsel's alleged failure to supply him with full discovery, namely, the crime lab report 17-1788. In response, the State filed a Motion for Continuance of the Sentencing Hearing to further review the record from the Change of Plea Hearing, but the court denied Mr. Kapsouris' motion without a hearing.

{¶13} At sentencing, Mr. Kapsouris again requested the opportunity to withdraw his pleas and was again denied. The court sentenced him to seven years on Count One and 24 months on Count Two, to be served concurrently.

{¶14} Mr. Kapsouris now appeals from that sentence, assigning three assignments of error for our review.

{¶15} [1.] The defendant-appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States [Constitution] and Article 1 Section 10 of the Ohio Constitution.

{¶16} Under this assignment of error, Mr. Kapsouris presents three issues for our review.

{¶17} [a.] Mr. Kapsouris alleges his counsel at the time of his guilty pleas was ineffective for incorrectly advising him that a guilty plea by way of *North Carolina v. Alford* would preserve his right to appeal the trial court's denial of his Motion to Dismiss and Motion to Suppress.

{¶18} [b.] Mr. Kapsouris alleges trial counsel was ineffective because of his failure to provide him with pertinent discovery that would have affected his decision as to whether to plead guilty.

{¶19} [c.] The combination of errors by trial counsel resulted in Mr. Kapsouris being deprived on his right to the effective assistance of counsel.

{¶20} Mr. Kapsouris' second assignment of error states:

5

{¶21} [2.] The defendant-appellant's pleas of guilty were not made knowingly, voluntarily and intelligently, thus violating his rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States [Constitution] and Article 1 Section 10 of the Ohio Constitution.

{¶22} Under this assignment of error, Mr. Kapsouris presents two issues for our review.

{¶23} [a.] The ineffectiveness of trial counsel invalidated the voluntariness of the Guilty by Way of *North Carolina v. Alford* Plea that Mr. Kapsouris entered on Count Two.

{¶24} [b.] The trial court's incorrect advisement that a guilty plea made pursuant to *North Carolina v. Alford* would preserve Mr. Kapsouris's constitutional right to appeal the ruling on the Motion to Suppress and Motion to Dismiss, negated the [requisite] knowledge, voluntariness and intelligence of Mr. Kapsouris's plea of guilty on Count Two.

{¶25} Mr. Kapsouris' third assignment of error states:

{¶26} [3.] The trial court abused its discretion in denying the defendant-appellant's motion to withdraw his guilty pleas prior to sentencing.

{¶27} Under this assignment of error, Mr. Kapsouris presents two issues for our review.

{¶28} [a.] The trial court committed an abuse of discretion during the December 18, 2018 Competency Hearing, in denying the request Mr. Kapsouris made to vacate or withdraw his guilty plea.

{¶29} [b.] The sentencing court committed an abuse of discretion in denying the request Mr. Kapsouris made to vacate or withdraw his guilty plea, which was renewed in a Motion to Reconsider, filed by newly appointed counsel on January 7, 2019.

{¶30} However, both Mr. Kapsouris and the State agree that Mr. Kapsouris was erroneously advised by the trial court and defense counsel regarding his rights related the *Alford* plea such that Mr. Kapsouris' plea on Count Two was not knowingly,

6

voluntarily, and intelligently made, and thus, should be vacated and the case remanded. We agree.

{¶31} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "A plea entered pursuant to Alford is a plea that permits a defendant to plead legal guilt, yet maintain his or her factual innocence." *State v. Bilicic*, 11th Dist. Ashtabula No. 2017-A-0066, 2018-Ohio-5377, ¶7. The Ohio Supreme Court has "'found no constitutional bar to accepting a guilty plea in the face of an assertion of innocence provided a defendant voluntarily, knowingly[,] and understandingly consents to sentencing on a charge.'" *Id.* at ¶8, quoting *State v. Post*, 32 Ohio St.3d 380 (1987).

{¶32} "'In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards.'" *State v. Siler*, 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio-2326, ¶12 quoting *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio-7064, ¶48.

{¶33} Before accepting a guilty plea, a trial court must abide by Criminal Rule 11. Crim.R. 11(C)(2) requires the court to address the defendant personally and to "inform[ ] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest * * *." Crim.R. 11(C)(2)(b). The Ohio Supreme Court has "held that with respect to the nonconstitutional notifications required by Crim.R.

7

11(C)(2)(a) and 11(C)(2)(b), substantial compliance is sufficient." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶14, citing *State v. Stewart,* 51 Ohio St.2d 86 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). Furthermore, "a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." (Citations omitted.) *Id., citing Stewart, supra,* at 93, and Crim.R. 52(A).

{¶34} Here, Mr. Kapsouris entered a plea of guilty on Count One and an *Alford* plea of guilty on Count Two. Defense counsel and the court informed Mr. Kapsouris that by pleading by way of Alford he preserved his right to appeal the Motion to Suppress and Motion to Dismiss. This, however, is inaccurate. As this court has recently held, "[a]n Alford plea is procedurally indistinguishable from a guilty plea and waives all alleged errors, including the denial of a motion to suppress, committed at trial except those errors that may have affected the entry of a defendant's plea pursuant to Crim.R. 11." *Bilicic, supra,* at ¶27, citing *State v. Leasure*, 6th Dist. Lucas No. L-05-1260, 2007-Ohio-100, ¶7. Therefore, it cannot be said that Mr. Kapsouris understood the effect of the plea and the rights he was waiving on Count Two, as required by Crim.R. 11.

{¶35} The remaining issue is whether the error also meant Mr. Kapsouris' guilty plea to Count One was not knowingly, voluntarily, and intelligently made, a point on which the parties disagree.

{¶36} The State argues that Mr. Kapsouris has no expectation that he would be able to appeal any decision regarding Count One and, thus, his guilty plea to Count One was entered knowingly, voluntarily, and intelligently. The State cites the change of plea hearing at which the court stated:

{¶37} And I need to clarify here, I think, just because it's a topic that was discussed earlier, *you will be waiving and giving up your right to appeal various decisions made by the Court as it related to Count 1*, but because you're pleading by way of North Carolina v. Alford you will be preserving your right to appeal those decisions as to Count 2. (Emphasis added.)

{¶38} Mr. Kapsouris argues that the error prejudicially affected the decisions he made with respect to both pleas. Specifically, he points to the plea bargain, in which the State offered to recommend a sentence of seven years in prison on the entirety of the case. He notes that at the time of the plea, the facts "inexorable link[ed] the two counts as essentially a continuing course of criminal conduct." Accordingly, he argues, it would have been strategically unsound to plead guilty to Count One, while contesting Count Two.

{¶39} He also argues that had he decided not to enter the *Alford* plea on Count Two, he would have maintained his plea of not guilty and instead had a trial on both counts. In support, he notes that, prior to changing his plea, he made it clear that he would have pleaded guilty to Count One if Count Two was dismissed. Finally, he argues that with a remand on only Count Two he could now face additional penalties on Count Two, defeating the purpose of the plea agreement.

{¶40} The record supports a finding that Mr. Kapsouris only entered into the guilty pleas because he believed he was able to appeal the pre-trial motions. At the August 28, 2018 hearing, Mr. Kapsouris stated:

9

{¶41} THE DEFENDANT: I reject the offer. I didn't commit the attempted burglary, so I'm going to trial.

{¶42} THE COURT: Okay. Well, let me just explore that for a moment. If, and I'm not suggesting, this isn't the offer, obviously, but if you were to plead to the one count would that make a difference to you?

{¶43} THE DEFENDANT: It most certainly does. And I requested that and they rejected the offer several times. So, I'm not pleading guilty exactly to the indictment, which I didn't do.

{¶44} THE COURT: Okay. So, again I'm not the person here that makes these calls. But I want to make sure we get – since you're looking at such a significant difference –

{¶45} THE DEFENDANT: I would plead guilty to one count.

{¶46} * * *

{¶47} THE COURT: And would plead with that recommendation coming from the State of 7 years?

{¶48} THE DEFENDANT: Right.

{¶49} The court then recessed for the state to reevaluate its offer.

{¶50} Prior to being informed of the availability of an Alford plea, and erroneously informed of its implications, Mr. Kapsouris indicated his willingness to plead guilty to the burglary if Count Two was dropped but maintained he would go to trial on both counts if Count Two remained. Eventually, after unrecorded deliberations, Mr. Kapsouris agreed to plead guilty to Count One and plead guilty by way of *Alford* on Count Two. Importantly, prior to changing his plea he specifically requested that his counsel renew his motion to dismiss:

{¶51} [DEFENSE COUNSEL]: * * * My client has asked me to address a[n] issue prior to him changing his plea.

{¶52} THE COURT: Sure. Go ahead.

{¶53} [DEFENSE COUNSEL]: There was a hearing we had a while back in which the issue of speedy trial was raised and there was a decision made on that. Mr. Kapsouris did want me to renew that

10

request for purposes of the record, the arguments would be the same arguments I made previously.

{¶54} I have explained to Mr. Kapsouris that any Appellate issue such as speedy trial or suppression, that those, you know, could be relevant as to the count that he pleas via way of Alford on and that wouldn't be relevant to the other charge, but again for purposes of the record I would like to renew the request for dismissal by speedy trial, which was previously made and previously denied.

{¶55} After asking both sides to reiterate their arguments on the matter, the court found no change in law or circumstances and denied the motion. By raising the matter again prior to changing his plea, Mr. Kapsouris indicates his continuing disagreement with the court's decision and efforts to fight it even as he was changing his plea. Thus, the record supports Mr. Kapsouris' contention that he entered into the guilty pleas only because he believed he had the right to appeal the pre-trial motions.

{¶56} Accordingly, Mr. Kapsouris' second assignment of error is well taken, and, therefore, his first and third assignments of error are rendered moot.

{¶57} Mr. Kapsouris' plea and sentence as to Count One, Burglary, and Count Two, Attempted Burglary, are hereby vacated and the matter is remanded to the Lake County Court of Common Pleas for further proceedings.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.

11