[Cite as *State v. Blumensaadt*, 2020-Ohio-3823.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                        Court of Appeals No. OT-19-028

      Appellee                                   Trial Court No. 17 CR 091

v.

Keith Blumensaadt                            **DECISION AND JUDGMENT**

      Appellant                                  Decided:  July 24, 2020

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Howard C. Whitcomb, III, for appellant.

* * * * *

**OSOWIK, J.**

## I.  Introduction

{¶ 1} This matter is before the court on appeal from a judgment of the Ottawa

County Court of Common Pleas denying the motion to suppress of appellant, Keith A.

Blumensaadt.  Finding no error, we affirm.

## II. Facts and Procedural Background

{¶ 2} Appellant had a history with the police and mayor of Put-in-Bay, Ohio, an island community with a population around 400. Prior to the incident of June 27, 2017, appellant made reports to the Ottawa County Sheriff regarding perceived illegal activities of the mayor, and claimed the Put-in-Bay police gave him special attention after the reports, including surveillance by the chief of police and threats by another officer. The day before a meeting between appellant and BCI agents to discuss appellant's corruption allegations, Put-in-Bay police officer Elshawn Williams attempted to initiate a traffic stop of appellant, but appellant continued on to his driveway, a short distance away.

{¶ 3} After following appellant to his driveway, Officer Williams contacted appellant by cell phone and left a message requesting him to exit his home with his hands up. Appellant called back and stated, "I will fire on officers if they come in my yard[.]" While appellant eventually surrendered, he sent a text message to his wife, still in the home, telling her to arm herself and shoot to kill. Appellant had a prior violent felony conviction, and as a result, could not legally possess or use a firearm or dangerous ordnance.

{¶ 4} After taking appellant into custody, Officer Williams obtained a warrant to search appellant's home and located several firearms and explosive devices.

{¶ 5} On June 29, 2017, the grand jury returned a 13-count indictment, charging appellant as follows: Count 1, failure to comply in violation of R.C. 2921.331; Count 2, aggravated menacing in violation of R.C. 2903.21, with a firearm specification pursuant

2.

to R.C. 2941.145(A); Count 3, resisting arrest in violation of R.C. 2921.33, with a firearm specification pursuant to R.C. 2941.145(A); Count 4, inducing panic in violation of R.C. 2917.31, Counts 5 through 10, possessing weapons while under disability in violation of R.C. 2923.13(A)(2) and (B); and Counts 11 through 13, possessing dangerous ordnance in violation of R.C. 2923.17(A) and (D).  Appellant appeared for arraignment on June 30, 2017, and remained in custody until his change of plea and sentencing hearing.

{¶ 6} On September 1, 2017, appellant filed a motion to suppress evidence, requesting a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).  After the parties fully briefed the motion, the trial court held hearing on the motion on January 8, February 22, and March 23, 2018, and permitted post-hearing briefs.  On January 25, 2019, the trial court denied the motion to suppress.

{¶ 7} On June 28, 2019, appellant entered a guilty plea to an amended Count 10, attempted possessing weapons while under disability in violation of R.C. 2923.02(A) and 2923.13(A)(2) and (B), a felony of the fourth degree, Count 11, possession of dangerous ordnance in violation of R.C. 2923.17(A) and (D), a felony of the fifth degree, and an amended Count 12, attempted possession of dangerous ordnance in violation of R.C. 2923.02(A) and 2923.17(A) and (D), a misdemeanor of the first degree.  Pursuant to the plea agreement, the parties jointly recommended sentence and the state agreed to dismiss the remaining counts in the indictment.

{¶ 8} After determining appellant entered a knowing, intelligent, and voluntary plea, and understood the rights he was giving up, the trial court accepted the guilty plea,

3.

found appellant guilty, and adopted the jointly recommended sentence. The trial court ordered time served as to Counts 10 and 11, and imposed 180 days in the Ottawa County Detention Facility as to Count 12, with 180 days suspended on conditions that included appellant not enter South Bass Island or Put-in-Bay Township for a period of one year. The trial court determined appellant was indigent, and waived costs and fees.

### III. Assignments of Error

{¶ 9} Appellant now appeals the trial court's judgment, denying his motion to suppress, asserting the following assignments of error:

I. THE TRIAL COURT'S ADMISSION OF THE ILLEGAL EVIDENCE OBTAINED THROUGH A DEFECTIVE SEARCH WARRANT VIOLATED DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT AGAINST UNREASONABLE SEARCH AND SEIZURE AS GUARANTEED BY THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

2. IN DENYING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE OBTAINED THROUGH A DEFECTIVE SEARCH WARRANT THE TRIAL COURT DENIED HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE SIXTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

4.

{¶ 10} We address the assignments of error together, applying the law governing appeal of pretrial motions after a guilty plea.

### IV. Evidentiary Challenges

{¶ 11} On appeal following his guilty plea, appellant now argues the trial court erred in admitting evidence and he was denied his right against unreasonable search and seizure and his right to due process. As a result of his guilty plea, however, appellant waived his right to challenge the trial court's evidentiary rulings.

{¶ 12} "[A] guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 922, ¶ 78, quoting *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195, fn. 2 (1975). Therefore, a defendant who enters a knowing, intelligent, and voluntary plea "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Fitzpatrick* at ¶ 78, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

{¶ 13} As noted by the state, appellant entered his guilty plea while represented by counsel, and he raised no challenge to his trial counsel's competency. Appellant also did not seek to withdraw his plea, and does not now assert any error regarding the

5.

voluntariness of his plea.[1]  The only challenge raised on appeal concerns the trial court's ruling on appellant's motion to suppress.  The law is clear that appellant's guilty plea precludes our review of any claimed error arising from the trial court's ruling on his motion to suppress.  *State v. Gadd*, 6th Dist. Ottawa No. OT-08-053, 2010-Ohio-3072, ¶ 5, citing *State v. Leasure*, 6th Dist. L-05-1260, 2007-Ohio-100, ¶ 7.

{¶ 14} Accordingly, we find appellant's guilty plea waived any error regarding the admissibility of evidence.  We find appellant's assignments of error not well-taken.

## V.  Conclusion

{¶ 15} Finding substantial justice has been done, we affirm the judgment of the Ottawa County Court of Common Pleas.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

---

[1] In his reply brief, appellant argues for the first time that his plea was not knowing and voluntary, and therefore, we must examine the assignments of error regarding the motion to suppress.  Pursuant to App.R. 12(A)(2), we may disregard claimed error where a party "fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

6.

Mark L. Pietrykowski, J.           _____
                                                                JUDGE

Arlene Singer, J.          

                                               _____
Thomas J. Osowik, J.                    JUDGE
CONCUR.

                                               _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.